UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CRIMINAL NO.: 19-CR-10081-IT-MPK |
| JOVAN VAVIC, et al., | |
| Defendants. | |

## JOVAN VAVIC'S MOTION FOR JOINDER IN HEINEL'S MOTION TO DISMISS FOR VINDICTIVE PROSECUTION

Jovan Vavic respectfully seeks leave to join Defendant Donna Heinel's Motion to Dismiss and Memorandum in Support of Motion to Dismiss for Vindictive Prosecution (Dkts. 758-759)—a position underscored by the government's August 31, 2021 dismissal of its lead racketeering charge (*see* Dkt. 784).

Heinel's motion asserts that, "[w]hen the prosecution has occasion to reindict the accused because the accused has exercised some procedural right, the prosecution bears a heavy burden of proving that any increase in the severity of the alleged charges was not motivated by a vindictive motive." (Dkt. 764 at 6) (citing *United States v. Ruesga-Martinez*, 534 F.2d 1367, 1369 (9th Cir. 1976)).  "Even the mere appearance of prosecutorial vindictiveness can serve to dissuade defendants from exercising their statutory rights and constitute a violation of due process." (*Id.*) (*Lovett v. Butterworth*, 610 F.2d 1002, 1007 (1st Cir. 1979)).  Here, Heinel argues, she "was subjected to discriminatory charging treatment because she chose to assert her rights rather than forgo them," including by filing motions to dismiss the charges.  (*Id.* at 12).  "This disparate treatment sufficiently demonstrates a likelihood of vindictiveness to warrant a

presumption of vindictiveness such that the prosecution now bears the burden of rebutting that presumption." (*Id.*). Indeed, "[a]s this Court recognized, the government has now sought and obtained two superseding indictments based on the same evidence as the original Indictment for the purpose of increasing sentencing exposure and countering the District Court's [sentencing] discretion[.]" (*Id.*).

These arguments apply with full force to Coach Vavic.  Each time Coach Vavic exercised his procedural right to file a motion to dismiss the charges in this case (*see* Dkts. 264, 333), the government added charges to increase the maximum prison term he faced—most recently, by the addition of the federal programs bribery conspiracy charge (Count III) in the Second Superseding Indictment (SSI) (*see* Dkt. 505), and previously, by the addition of the conspiracy and wire fraud charges (Counts II and XVI)  in the Superseding Indictment (SI) (*see* Dkt. 272).  (*See also* Dkt. 759 at 2 (noting that the SI added counts of conspiracy and substantive fraud, Counts II and XVI as to Vavic, based on the same allegations underlying the racketeering charge); *id.* at 3 n.2 (noting that Count III was added as to Vavic in the SSI)).  And each time, the addition of these charges against Coach Vavic—the federal programs bribery conspiracy charge, in the SSI, and the conspiracy and wire fraud charges, in the SI—lacked *any* basis in new or different evidence.   Accordingly, as Heinel's motion argues, these additional charges in the operative SSI—as to Coach Vavic, Counts II, III, and XVI—must be dismissed. (*See* Dkt. 764 at 6, 9-10) (citing *United States v. Motley*, 655 F. 2d 186, 190 (9th Cir. 1981) (dismissing new drug charges added after mistrial on RICO and conspiracy counts because defendant had "succeeded in establishing an appearance of vindictiveness because of the more severe indictment" and the government failed to justify the increase in severity of the charges)).

In this context, it bears emphasis that the government's eleventh-hour dismissal of its

lead racketeering charge against Defendants—a charge that has been pending for 2 ½ years—just 2 ½ months before trial highlights the government's charging gamesmanship from the outset of the case.  This incendiary charge has always lacked any plausible basis in fact.  It is a striking example of prosecutorial overreach—and a transparent "strong-arm" tactic aimed at forcing defendants into submission.  Although the government has now conceded, on the eve of trial, that it cannot prove its highest-profile allegation, that does not erase the damage done to Coach Vavic, whose career and reputation have been ruined as a result of the government's groundless allegations.

For all of these reasons, undersigned counsel therefore wishes to advance the same arguments on Coach Vavic's behalf and requests permission to join in Heinel's motion. No prejudice to the government would arise from the allowance of this motion.

Dated: September 16, 2021

Respectfully submitted,

/s/ *Stephen G. Larson*
Stephen G. Larson
slarson@larsonllp.com
(Admitted *pro hac vice*)
Koren L. Bell
kbell@larsonllp.com
(Admitted *pro hac vice*)
Paul A. Rigali
prigali@larsonllp.com
(Admitted *pro hac vice*)
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
(213) 436-4888

Irwin B. Schwartz (BBO# 548763)
ischwartz@blaschwartz.com
Nicholas R. Cassie (BBO# 672698)
ncassie@blaschwartz.com
BLA Schwartz, PC
One University Ave., Suite 302B
Westwood, Massachusetts 02090
Phone: 781-636-5000 -Fax: 781-636-5090

*Attorneys for Defendant JOVAN VAVIC*

## RULE 7.1 CERTIFICATION

Undersigned counsel certifies that he conferred with the government. The government objects to the motion under Fed. R. Crim. P. 12(c)(3).

*/s/ Stephen G. Larson*
Stephen G. Larson

## CERTIFICATE OF SERVICE

I, Stephen G. Larson, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF, and paper copies will be sent to those indicated as non-registered participants on September 16, 2021.

*/s/ Stephen G. Larson*
Stephen G. Larson