UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DONNA HEINEL, et al.,<br><br>Defendants | No. 19-cr-10081-IT |

**GOVERNMENT'S TRIAL BRIEF**

The government respectfully submits this trial brief in advance of the final pretrial conference on November 8, 2021.

**A.    Overview of Case**

The government will proceed to trial against the defendants on charges of conspiracy to commit honest services mail and wire fraud, in violation of 18 U.S.C. § 1349 and 1346; and of conspiracy to commit federal programs bribery, in violation of 18 U.S.C. § 371; as well as six counts of honest services wire fraud against Donna Heinel; one count of honest services wire fraud against Jovan Vavic; and one count of honest services mail fraud against Heinel.

At trial, the government will present evidence that William "Rick" Singer, who ran a for-profit college counseling and preparation business called the Edge College & Career Network (also known as "The Key") and a purported charity called the Key Worldwide Foundation ("KWF"), conspired with university athletic coaches and administrators, parents, and others to commit honest services mail and wire fraud and federal programs bribery. Singer, the defendants, and their co-conspirators facilitated the admission of students to the University of Southern California ("USC") and other elite universities as purported athletic recruits in exchange for bribes that enriched the defendants and Singer personally and secured additional funding for designated university

accounts that the defendants controlled or that otherwise benefited them professionally. To carry out this scheme, Singer, the defendants, and their co-conspirators (a) created athletic profiles containing falsified credentials to submit in support of the students' admission as recruited athletes; (b) designated the students as purported athletic recruits—even though, in some cases, the applicants did not even play the sport they were purportedly recruited to play and, in other cases, did not play the sport at a high enough level to actually be recruited—in exchange for bribe payments; (c) concealed the fraud and bribery from the universities' admissions departments, including that of USC; and (d) recruited other athletic coaches to designate applicants as purported recruits for their teams in exchange for bribes.

To present this evidence, the government plans to elicit testimony from summary law enforcement witnesses, one or more parent co-conspirators, one or more students, university personnel (including current and former coaches and one or more admissions department administrators), and various co-conspirators and other witnesses, many of whom directly interacted with the defendants during the course of the defendants' participation in the conspiracy.

**B.     Procedural Matters**

    *1.     Duration of Trial*

The government estimates that its case-in-chief will last between two and three weeks, including a reasonable allowance for cross-examination and assuming that the defendants stipulate to the authenticity of records obtained pursuant to certifications under Federal Rules of Evidence 902(11) and 902(13), as well as emails and documents created, sent, or received by the defendants.

    *2.     Rule 902(11) and Rule 902(13) Notifications*

Absent stipulation from the defendants, the government intends to offer business records and email and other documents pursuant to certifications of authenticity under Federal Rules of

Evidence 902(11) and 902(13). The government has produced all the pertinent records and certificates to the defendants.

2. *Length of Openings*

The government proposes time limits of 45 minutes for the government's opening and 30 minutes for each of the defendants.

3. *Witness Order*

The government proposes that the parties provide each other the anticipated order of their witnesses no later than 6 pm two days in advance.

4. *Summary Charts*

The government proposes that the parties provide each other drafts of any summary charts by at least 6 pm five days before they plan to use such chart.

5. *Electronic Presentation of Evidence*

The government intends to present its evidence in electronic format using Trial Director. The government anticipates that a paralegal with the U.S. Attorney's Office will operate Trial Director and can also assist defense counsel with the presentation of government exhibits.

6. *Sequestration Order*

Under Fed. R. Evid. 615, the government requests that all witnesses be sequestered, but requests that its case agents/summary witnesses be exempted from any sequestration order.

7. *Jury Binders*

The government intends to prepare binders that it will seek to provide the jury, which will include transcripts of any audio evidence that will be presented at trial.

8. *Use of PowerPoint Presentation*

With the Court's permission, the government intends to use PowerPoint presentations during its opening statement and closing argument, which will allow for a more efficient presentation of the evidence.

                                              Respectfully submitted,

                                              NATHANIEL R. MENDELL
                                              Acting United States Attorney

By:    /s/Kriss Basil_____
        KRISTEN A. KEARNEY
        LESLIE A. WRIGHT
        KRISS BASIL
        Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                              /s/Kriss Basil_____
                                              KRISS BASIL
                                              Assistant United States Attorney