UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal Action No. 1:19-cr-10081-IT |
| | * | |
| DONNA HEINEL and JOVAN VAVIC, | * | |
| | * | |
| Defendants. | * | |

ORDER

October 13, 2021

TALWANI, D.J.

Before the court is Defendants Donna Heinel and Jovan Vavic's Joint Motion to Suppress "Consensual Wiretap" Recordings [#791]. Defendants seek to suppress recordings of calls and texts that were intercepted after a court-authorized wiretap expired. The government responds that the recordings of communications over Rick Singer's phone were made with his consent. See Gov't Opp. [#807].

The record before the court does not provide information necessary to the resolution of this motion. Included with the motion is a letter to Singer's carrier, AT&T, from the Assistant United States Attorney who was then assigned to this case. The letter notes that "[t]he specific phone referenced . . . for AT&T's assistance in conducting consensual monitoring is an AT&T cellular telephone assigned telephone number [ending in] 8802." Ex. B—Letter to AT&T 6 [#791-1]. The letter continues:

> Pursuant to 18 U.S.C. § 2501 et seq., the law enforcement agencies of the Department of Justice sometimes consensually monitor the wire and electronic communications of confidential informants and other parties in order to gather information for their criminal investigations. As you know, consent of one of the parties to a communication is sufficient under the law to permit monitoring without court order. Even though consensual monitoring does not require a

1

> judge's authorization, given the portability of cellular phones and possibility of civil liability arising from someone other than the consenting party using the phone, AT&T has been requiring prosecutors to obtain a court order before permitting consensual monitoring.
>
> Since we are aware of your concerns regarding the portability, and correspondingly the common transfer of mobile phones to non-consenting third parties, the DOJ/FBI *propose* that with consensual monitoring under 18 U.S.C. § 2511, consenting parties *will be required* to sign a consent and acknowledgment form pledging that the target phone will not be used by anyone else, including the uses of cell phone photography and text messaging. *A sample copy of this form is attached.*
>
> . . . [I]t is the position of the DOJ/FBI that an order is not required when a party to a communication consents to the monitoring, even when that phone used is inherently mobile; however, since the DOJ/FBI also recognizes the rights of third parties should be protected, the consenting party *will be required* to read and sign a statement pledging that the phone shall not be used by another party.

Id. (emphasis added).

Both the Defendants' motion and the government's response assert that the government provided Singer's consent to AT&T along with this letter and not at some other time. See Joint Mot. 5 [#791] ("the government enlisted the carrier to continue recording after court authorization expired . . . pursuant to a letter dated September 20, 2018. The letter *attached* a 'consent form' purporting to provide Singer's agreement . . .") (emphasis added); Gov't Opp. 2 [#807] ("On September 27, 2018, . . . Singer signed a consent and acknowledgement form . . . The government provided the signed consent form to Singer's phone provider, AT&T, together with a letter . . . .") (citing Joint Mot. 6, 12 [#791]). The only evidence proffered by either side for the assertion that the signed consent form was attached to the letter is the letter, but the letter itself does not make or support that assertion. The letter references a "sample copy of this form" and speaks of acknowledgements that consenting parties "will be required" to make, not ones that have already been made. See Ex. B—Letter to AT&T 6 [#791-1]. Moreover, as the parties

have noted, the letter is dated September 20, 2018, and the consent form is dated September 27, 2018.

The government asserts (without any declaration or other evidence) that the letter's date is "inadvertent," and that in any event, the recordings did not occur until after the consent was signed. But the issue before the court is not merely whether Singer consented to the recordings but whether the carrier was provided with Singer's written consent before the interceptions took place.

The government may promptly supplement the record if it seeks to have the court consider other evidence (such as a declaration from a person with knowledge) to support its assertion that Singer's written consent was provided to AT&T before the recordings took place. Alternatively, the government shall notify the court that it intends to rest on the record as submitted.

Defendants' Joint Motion [#791] remains under advisement.

IT IS SO ORDERED.

October 13, 2021                                    /s/ Indira Talwani
                                                      United States District Judge