UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal Action No. 1:19-cr-10081-IT |
| | * | |
| JOVAN VAVIC, | * | |
| | * | |
| Defendant. | * | |

ORDER

January 25, 2022

TALWANI, D.J.

Defendant Jovan Vavic seeks an order requiring the government to disclose specific portions of the grand jury transcripts or, alternatively, to provide the transcripts for an *in camera* review by the court. Mot. to Inspect Grand Jury Tr. [#874].

The Supreme Court has consistently "recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." Douglas Oil Co. v. Petrol Stops N.W., 441 U.S. 211, 218 (1979); see also Fed. R. Crim. P. 6(e). That secrecy is not absolute, however. Under Federal Rule of Criminal Procedure 6(e)(3)(E), a court has discretion to order disclosure of grand jury material "preliminarily to or in connection with a judicial proceeding" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E).

To warrant such disclosure, defendants must make a "strong showing of a particularized need" to obtain grand jury material. United States v. Sells Eng'g., Inc., 463 U.S. 418, 443 (1983); see also United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (quoting United States v. Johnson, 319 U.S. 503, 513 (1943)) (the "'indispensable secrecy of grand jury

1

proceedings' . . . must not be broken except where there is a compelling necessity"). To meet this substantial burden, defendants must demonstrate (1) "that the material they seek is needed to avoid a possible injustice in another judicial proceeding," (2) "that the need for disclosure is greater than the need for continued secrecy," and (3) "that their request is structured to cover only material so needed." Douglas Oil, 441 U.S. at 222. "Speculative allegations of impropriety are not sufficient to meet this burden; rather, the requesting party must establish that 'particularized and factually based grounds exist to support the proposition that irregularities in grand jury proceedings may create a basis for dismissal of an indictment.'" United States v. Gurry, 2019 WL 247205, at *2 (D. Mass. Jan. 17, 2019) (quoting United States v. Rodriguez-Torres, 570 F. Supp. 2d 237, 242 (D. P.R. 2008)). "Courts should refuse to disclose grand jury materials, and reject an invitation to conduct an *in camera* review of matters occurring before the grand jury 'unless there [is] a very clear and positive showing of a need for the [grand jury material].'" United States v. Bravo-Fernández, 239 F. Supp. 3d 411, 415 n.5 (D.P.R. 2017) (quoting United States v. Perez-Velazquez, 488 F. Supp. 2d 82, 109 (D.P.R. 2007)).

      The court finds that Vavic has failed to make the requisite showing that his particularized need for disclosure is greater than the need for continued secrecy of the grand jury materials. He asserts that review of the grand jury materials would demonstrate that the government proffered a "false theory of culpability" based on the "false premise that Vavic conspired with Singer and Heinel" to admit applicants to the University of Southern California ("USC") in exchange for bribes. Def's Mem. 4-5 [#875]. Specifically, he points the court to the following testimony from Special Agent Elizabeth Keating in the trial of United States v. Abdelaziz, No. 19-CR-10080:

> Q.    Now, Special Agent, earlier the jury heard evidence concerning Matteo Sloane and Augustina Huneeus. Have you seen any evidence that Mr. Vavic was involved in the admission of Matteo Sloane or Augustina Huneeus?

>    A.   No, I have not.
>    Q.   Have you seen evidence that he was paid in connection with those admissions?
>    A.   No.

Id. at 7. This testimony, he argues, demonstrates that the government "cannot dispute that Coach Vavic had no knowledge of or participation in the admission of Huneeus and Sloane, or related payments." Id. And, as a result, he claims that the allegation against him regarding Augustina Huneeus—identified in the Second Superseding Indictment [#505] as "USC Applicant 3," see Def's Mem. 4 [#875]; Gov't Mem. 1 [#1021]—"raise the grave possibility that the theory of culpability presented as to Vavic was to obtain the [Second Superseding] Indictment was not just false—but *knowingly* false." Def's Mem. 9 [#875].

The allegation regarding Huneeus in the Second Superseding Indictment ¶ 46 [#505] is that:

> In the same [August 3, 2018] call, Singer told VAVIC that he had a client, USC Applicant 3, whom he was planning to submit as a water polo recruit through coconspirator HEINEL, although Singer had not yet brought this candidate to HEINEL. Singer and VAVIC then discussed whether USC Applicant 3 should be presented to the subcommittee for athletic admissions by VAVIC, instead of HEINEL, because that way Singer could 'have money funded to' VAVIC. VAVIC responded that it would be 'easier for me to squeeze her in possibly November, when I squeeze in all of my top 7-8 kids, so maybe she can kind of get lost in the shuffle . . .'"

The Second Superseding Indictment ¶¶ 67-72 [#505] then goes on to explain that, ultimately, Heinel agreed to facilitate Huneeus' admission to the women's water polo team.

Special Agent Keating's testimony does not call into question the veracity of this allegation against Vavic. Her testimony was that she had not seen evidence that Vavic had participated in Huneeus or Sloane's admissions, not that Vavic had no knowledge of them. And the government does not dispute—and the allegations in the Second Superseding Indictment [#505] reflect—that it was Heinel, not Vavic, who facilitated Huneeus' admission.

3

The Second Superseding Indictment ¶ 28 [#505] also alleges that Vavic "designated multiple students as recruits for the USC water polo team." Vavic argues that, "[t]o the extent the government presented evidence or argument to suggest" that Sloane was one of the multiple students that Vavic designated as recruits for the water polo team, "through the Singer-Heinel-Sloane email correspondence . . . or any other false and misleading evidence," that would constitute misconduct before the grand jury warranting dismissal of the indictment." Def's Mem. 13 [#875]. But the Second Superseding Indictment [#505] contains no allegations against Vavic related to Sloane or the email correspondence to which Vavic objects. And Vavic's speculative assumption that Sloane was presented to the grand jury as one of the "multiple students" that Vavic allegedly helped to admit is insufficient to overcome the presumption of regularity attached to the grand jury proceedings.

Accordingly, Vavic's Motion to Inspect Grand Jury Transcripts [#874] is DENIED.

IT IS SO ORDERED.

January 25, 2022                                              /s/ Indira Talwani
                                                              United States District Judge