UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 19-cr-10081-IT |
| JOVAN VAVIC, | |
| Defendant | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30 and the Court's amended pretrial order (Dkt. 1022), the government respectfully requests that the Court give the following jury instructions, in addition to any instructions the Court customarily provides in criminal cases. *See also United States v. Abdelaziz, et al.*, 19-cr-10080-NMG, October 7, 2021 Charge to the Jury, attached hereto as Exhibit A. The government respectfully reserves the right to supplement, modify, or withdraw these requested instructions in light of the Court's rulings on motions *in limine*, requested instructions filed by the defendant, or the evidence introduced at trial.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:   /s/ *Ian J. Stearns*
LESLIE A. WRIGHT
IAN J. STEARNS
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Ian J. Stearns*
IAN J. STEARNS
Assistant United States Attorney

## <u>TABLE OF CONTENTS</u>

Duty of the Jury to Find Facts and Follow Law……………………………………………….. 1

Direct and Circumstantial Evidence…...……………………………………………………… 2

Charts and Summaries…………………………………………………………………………… 3

Stipulations………………………………………………………………………………………. 4

Caution as to Cooperating Witnesses…………………………………………………….…….. 5

"On or About" – Explained……………………………………………………………………...6

Motive………………………………………………………………………………………….…7

Punishment……………………………………………………………………………………...8

Specific Investigative Techniques etc. ….……………………………………………….…....9

Recordings and Transcripts……………………………………………………………………11

Persons Not on Trial……………………………………………………………………….. 12

Overview of the Indictment and Charges……………………………………………….. 13

Counts Two and Three – Conspiracy Generally………………………………………………15

Honest Services Mail Fraud and Honest Services Wire Fraud………………………….…….20

Count Three – Conspiracy to Commit Federal Programs Bribery……..…………………….. 29

Federal Programs Bribery………...……………………………………………………………30

Count Sixteen – Honest Services Wire Fraud…………….....................................................34

**DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW**

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.[1]

---

[1] *See* Chief District Judge Nancy Torresen's 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit (hereinafter, "Pattern Crim. Jury Instr. 1st Cir."), § 3.01, *available at* https://www.med.uscourts.gov/pdf/crpjilinks.pdf.

## DIRECT AND CIRCUMSTANCIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.[2]

---

[2] *See* Pattern Crim. Jury Instr. 1st Cir., § 3.05.

## CHARTS AND SUMMARIES

Charts or summaries prepared by the government have been admitted into evidence and were shown to you during the trial for the purpose of explaining facts that are contained in other documents.  You may consider the charts and summaries as you would any other evidence admitted during the trial and give it such weight or importance, if any, as you feel it deserves.[3]

---

[3] Adapted from 1A O'Malley, Grenig, & Hon. Lee, *Federal Jury Practice and Instructions*, § 14.02 (6th ed. 2008).

## STIPULATIONS

The evidence in this case includes facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  As with all evidence, you must accept the stipulation as fact to be given whatever weight you choose.[4]

---

[4] *See* Pattern Crim. Jury Instr. 1st Cir., § 2.01.

## CAUTION AS TO COOPERATING WITNESSES

You have heard testimony from witnesses who provided testimony under an agreement with the government and participated in the crimes charged against the defendant.  The fact that these witnesses entered a guilty plea is not a factor that you may consider in assessing the guilt of the defendant.  The witnesses may be presumed to have acted after an assessment of their own best interests, for reasons that are personal to them, but that fact has no bearing on any other parties to this case.  A guilty plea and the accompanying plea agreement are to be considered only in assessing the credibility of the testimony of the witness who is affected by the plea.

A witness who admits to committing a crime and testifies against others pursuant to a plea agreement with the government almost always does so in the expectation of more lenient treatment as a reward for his cooperation.  A witness testifying in such circumstances may, of course, be completely truthful.  Still, you should consider the testimony of a witness testifying pursuant to a plea agreement with particular caution.  You should scrutinize the testimony carefully to be certain that it is not shaded or slanted in such a way to serve the interests of the witness rather than that of the truth.[5]

---

[5] Adapted from *United States v. Hernandez*, 109 F.3d 13, 17 (1st Cir. 1997); *United States v. Simonelli*, 237 F.3d 19, 29 (1st Cir. 2001); *United States v. Foley*, 783 F.3d 7, 17-18 (1st Cir. 2015).  *See also* Pattern Crim. Jury Instr. 1st Cir., § 2.08; *United States v. Paniagua-Ramos*, 251 F.3d 242, 245 (1st Cir. 2001) (there are "no magic words that must be spoken").

## "ON OR ABOUT" – EXPLAINED

The defendant has been charged with committing the alleged offenses "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.[6]

---

[6] Adapted from L. Sand *et al.*, *Modern Federal Jury Instructions: Criminal*, Instr. 3-12 (2021); *United States v. Morris*, 700 F.2d 427, 429-30 (1st Cir. 1983); *United States v. Gorski*, No. 12-cr-10338-FDS (D. Mass.), ECF No. 346 at 82-83, *aff'd*, 880 F.3d 27 (1st Cir. 2018).

## MOTIVE

The question whether someone committed an act knowingly or intentionally should never be confused with the motivation for the act.  Motive is what prompts a person to act or fail to act.  The concept of motive is different than the concept of knowledge or intent.  Intent and knowledge refer only to the state of mind with which the act is done or omitted.

Personal or familial advancement and financial gain, for example, are two well-recognized motives for much of human conduct.  These praiseworthy motives, however, may prompt one person to voluntary acts of good while prompting another person to voluntary acts of crime.

The government is not required to prove motive.  In addition, good motive, if any, is not a defense where the act done or omitted is a crime.  For purposes of determining guilt or innocence, therefore, the motive of a defendant is immaterial except insofar as evidence of motive may aid in the determination of his or her state of mind or his or her intent.[7]

---

[7] Adapted from 1A O'Malley, Grenig, & Hon. Lee, *Federal Jury Practice and Instructions*, § 17.06 (6th ed. 2008); *see also United States v. Casanova*, No. 13-CR-10077-DJC, 2021 WL 352350, at *2 (D. Mass. Feb. 1, 2021) ("Moreover, the Court instructed, consistent with applicable law, that motive is different from intent, the government did not have prove motive as to any of the charges against Casanova and that 'motive was immaterial, except insofar as evidence of motive may aid in determination of his state of mind or his intent.'").

## PUNISHMENT

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing a sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or in any sense, enter into your deliberations.[8]

---

[8] Adapted from L. Sand *et al.*, *Modern Federal Jury Instructions: Criminal*, Instr. 9-1 (2021); *see also United States v. Lynch*, 903 F.3d 1061, 1081 (9th Cir. 2018); Ninth Circuit Model Criminal Jury Instructions, § 7.4; Fifth Circuit Model Criminal Jury Instructions, § 1.22; Sixth Circuit Model Criminal Jury Instructions, § 8.05; Eighth Circuit Model Criminal Jury Instructions, § 3.12; Tenth Circuit Model Criminal Jury Instructions, § 1.20; Eleventh Circuit Model Criminal Jury Instructions, § B10.4; Third Circuit Model Criminal Jury Instructions, § 3.16.

## SPECIFIC INVESTIGATIVE TECHNIQUES; PROACTIVE, UNDERCOVER, AND STING INVESTIGATIONS; AND CONSENSUAL RECORDINGS

There is no legal requirement that the government prove its case through any particular means. You are not to speculate as to why the government used the techniques it did, or why it did not use other techniques. Law enforcement techniques are not your concern. Your concern is to determine whether or not, based on the evidence or lack of evidence, the government has proven the defendant's guilt beyond a reasonable doubt.[9]

Further, you have heard evidence that the government conducted what is known as a "proactive" or "undercover" investigation. It is lawful for law enforcement officials to offer a defendant an opportunity to commit one or more crimes. It is also proper for the government to use a "sting," at least where it amounts to providing a defendant with an opportunity to commit a crime. Without this kind of law enforcement technique, it would often prove difficult, or impossible, to stop certain criminal activity. The government need not have a reasonable suspicion that a person was engaged in criminal activity before offering that person an opportunity to commit a crime. Likewise, law enforcement officials are not precluded from engaging in stealth and deception, such as the use of cooperating witnesses, informants, and undercover agents, in order to apprehend persons engaged in criminal conduct. It is sometimes necessary and permissible for the government to use stratagems, artifices, ruses, and cooperating witnesses, informants, or undercover agents who, in order to discover violators of the federal criminal laws, present opportunities to violate those laws to those who are ready and willing to violate those laws. The government may use a broad range of schemes and ploys to ferret out criminal activity. Whether

---

[9] *See United States v. Lassend*, No. 10-cr-40019-FDS (D. Mass.), ECF No. 113 at 124-25; *United States v. Avenatti*, No. 19-cr-00373-PGG (S.D.N.Y.), ECF No. 261 at 13; Third Circuit Model Criminal Jury Instructions, § 4.14.

or not you approve of certain investigative techniques, including use of a sting, to detect unlawful activities is not to enter into your deliberations in any way.[10]

During the course of this trial, you have also heard certain recorded conversations.  Some of these recordings were made without the knowledge of any of the parties to the conversations, but with the authorization of the court.  These recordings are sometimes referred to as wiretaps, and the use of this procedure to gather evidence is lawful.  Other recordings were made without the knowledge of one of the parties to the conversations but with the consent of another party to the conversation.  These recordings are sometimes referred to as consensual recordings, and the use of this procedure to gather evidence is lawful.[11]

---

[10] Adapted from Ninth Circuit Model Criminal Jury Instructions, § 4.10; L. Sand *et al.*, *Modern Federal Jury Instructions: Criminal*, Instr. 5-23 (2021); *United States v. Fera*, 616 F.2d 590, 596-97 (1st Cir. 1980) (approving of district court's instruction on the use of undercover agents, even in the absence of an entrapment instruction, when the defense had argued that the government's actions were improper); *see United States v. Hoyt*, 879 F.2d 505, 511 (9th Cir. 1989) (district court did not err in giving undercover agent instruction even without an entrapment instruction when the defense had suggested that government agent's behavior had been improper), amended on other grounds, 888 F.2d 1257 (9th Cir. 1989); *see generally United States v. Allibhai*, 939 F.2d 244, 249 (5th Cir. 1991) (courts which have addressed the issue "have uniformly dismissed the notion that the government must have a pre-existing basis for suspecting criminal activity before targeting an individual in an investigation.") (citing cases).

[11] *See* Third Circuit Model Criminal Jury Instructions, §§ 4.04, 4.05; L. Sand *et al.*, *Modern Federal Jury Instructions: Criminal*, Instr. 5.10, 5.11 (2021); *see generally United States v. White*, 401 U.S. 745, 751 (1971) (warrantless consensual recordings by an informant permissible).

## RECORDINGS AND TRANSCRIPTS

During this trial, you have heard evidence of conversations that were recorded.  This is proper evidence for you to consider.  In order to help you, I have allowed you to have transcripts to read along as the recordings were played.  The transcripts are merely to help you understand what is said on the recordings.  If you believe at any point that the transcripts say something different from what you hear on the recordings, remember it is the recordings that are the evidence, not the transcripts.  Any time there is a variation between the recordings and the transcripts, you must be guided solely by what you hear on the recordings and not by what you see on the transcripts.[12]

---

[12] *See* Pattern Crim. Jury Instr. 1st Cir., § 2.09; *United States v. Mazza*, 792 F.2d 1210, 1227 (1st Cir. 1986).

## PERSONS NOT ON TRIAL

You may not draw any inference, whether favorable or unfavorable, as to either side from the fact that no persons other than the defendant is on trial here.  You may not speculate as to the reasons why other people are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.[13]

Similarly, there are some persons whose names you have heard during the course of the trial, but who did not appear to testify and as to whom there was no stipulation about what they would testify to if they appeared.  Each party had an equal opportunity or lack of opportunity to call any of those persons as witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified had they been called.  Their absence should not affect your judgment in any way.[14]

---

[13] Adapted from *L. Sand et al., Modern Federal Jury Instructions: Criminal*, Instr. 1.21 (2021).

[14] *See United States v. Abdelaziz, et al.*, 19-cr-10080-NMG, Ex. A at 13.

## OVERVIEW OF THE INDICTMENT AND CHARGES

Now I turn to the Indictment in this case and the statutes on which it is based.  First, I remind you that an Indictment is not evidence of any kind against the defendant.  The Indictment is just an accusation – a document filed with the court to bring a criminal charge against a defendant.  An Indictment can allege more than one charge against a defendant.  When it does, the different charges are stated separately in what we call "counts."  The Indictment in this case has three counts against the defendant.  You should disregard the gaps in the numbers of the counts.

Count Two charges the defendant with conspiracy.  Specifically, it charges the defendant with conspiracy to commit two crimes, or what are called "underlying" or "substantive" crimes.  The two underlying or substantive crimes are also known as the "objects" of the conspiracy.  Here, they are:  (i) honest services mail fraud and (ii) honest services wire fraud.  The defendant is accused of conspiring to commit these crimes by participating in a fraudulent scheme to deprive certain selective colleges and universities, including the University of Southern California, or USC, of their intangible right to the honest services of their athletic coaches and university administrators.

Count Three also charges the defendant with conspiracy.  It charges the defendant with conspiracy to commit a different crime:  federal programs bribery.  Specifically, the defendant is accused of conspiring to commit this crime by corruptly soliciting and demanding, and accepting and agreeing to accept anything of value from any person, intending to be influenced and rewarded as an agent of an organization that receives more than $10,000 per year in federal funding—here, the University of Southern California—in connection with any business, transaction, and series of transactions of USC involving anything of value of $5,000 or more, that is, in exchange for facilitating the admission of the students to USC as recruited athletes.

Count Sixteen charges the defendant with substantive honest services wire fraud. The defendant is accused of committing this crime by participating in a fraudulent scheme to deprive USC of its intangible right to his honest services.

This is just a summary. For each count, the government must prove several things, which we call elements, beyond a reasonable doubt. I will next give you instructions regarding each count and the elements of each count.

## COUNTS TWO AND THREE – CONSPIRACY GENERALLY

Again, Counts Two and Three charge the defendant with conspiracy.  The objects of the conspiracy charged in Count Two are honest services mail fraud and honest services wire fraud. The object of the conspiracy charged in Count Three is federal programs bribery.

I will now provide you with certain general instructions regarding conspiracy that apply to Counts Two and Three.

A conspiracy is an agreement to commit a crime.  The crime of conspiracy is an independent crime, and it is an entirely separate and different offense from the underlying or substantive crimes the defendant is alleged to have agreed to commit.

A simple example illustrates the difference between a crime and a conspiracy to commit that crime.  It is a federal crime to commit bank robbery.  If a person robs a bank, he has committed a bank robbery.  If three people agree to rob a bank – one thinks up the plan, one agrees to rob the bank, and one agrees to drive the getaway car – all three have conspired to rob the bank.

Again, a conspiracy is an agreement to commit a crime.  If a conspiracy exists – even if it does not succeed – the conspiracy itself is still a crime.  To find a defendant guilty of conspiracy, there is no need for the government to prove that the crime or crimes that were the objects or goals of the conspiracy were actually committed.

If there are multiple charged objects of a conspiracy, the government does not have to prove that the defendant agreed to commit all of, or even more than one of, the objects in order for you to find him guilty of the conspiracy charge.  For example, in the context of Count Two, the government does not have to prove that the defendant agreed to commit both objects (honest services mail fraud and honest services wire fraud) in order for you to find him guilty of the conspiracy charge.  The government must, however, prove that the defendant agreed with one or

more other persons to commit at least one of the object crimes, and you must unanimously agree on which object crime the defendant agreed to commit.[15]

For you to find the defendant guilty of the conspiracies charged in Count Two and Count Three, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

First, that the agreement specified in the Indictment, and not some other agreement or agreements, existed between at least two people to commit at least one of the following:  honest services mail fraud or honest services wire fraud for Count Two, or federal programs bribery for Count Three; and

Second, that the defendant willfully joined in that agreement.

As to Count Three only, but not Count Two, the government must also prove a third element:  that the defendant, or any other co-conspirator, performed an overt act in furtherance of the conspiracy to commit federal programs bribery.[16]

---

[15] *See Griffin v. United States*, 502 U.S. 46 (1991); *United States v. Mitchell*, 85 F.3d 800, 809-11 (1st Cir. 1996) (collecting cases, affirming trial court jury instruction that jury only had to find guilt unanimously as to one of the two objects of conspiracy); *United States v. Capozzi*, 486 F.3d 711, 718 (1st Cir. 2007) ("district court properly instructed the jury that guilt must be based upon proof of an agreement to commit any one of the three objects of the conspiracy and that the jury had to be unanimous as to which if any of the three objects were proved beyond a reasonable doubt").

[16] *See United States v. Abreu*, 976 F.3d 1263, 1272 (11th Cir. 2020) ("A § 1349 conspiracy does not require an overt act." (citing *United States v. Gonzalez*, 834 F.3d 1206, 1220 (11th Cir. 2016)); *United States v. Hoffman*, 901 F.3d 523, 565 (5th Cir. 2018) ("[A] section 1349 conspiracy does not require an overt act." (citation omitted)); *United States v. Roy*, 783 F.3d 418, 420 (2d Cir. 2015) ("We . . . conclude that a conspiracy conviction under § 1349 does not require proof of an overt act." (collecting cases); *cf. United States v. Chinasa*, 489 F. App'x 682, 686 (4th Cir. 2012) ("The Supreme Court, construing other conspiracy statutes that do not explicitly state that proof of an overt act is an element, has held that their plain language demonstrates that an overt act is in fact not an element." (citing *Whitfield v. United States*, 543 U.S. 209, 214 (2005)).

A conspiracy is an agreement, spoken or unspoken.  The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.  It is not necessary to show that the participants directly by spoken or written words stated among themselves exactly what their object or purpose was or exactly what the details of the scheme were or exactly what means they would adopt to achieve their goals.  Nevertheless, the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.

A conspiracy is, by its very nature, usually secret in its origin and in its execution.  Because of the secretive nature of the crime of conspiracy, the agreement between two or more people may be express or tacit.  It is sufficient if the government demonstrates conduct evidencing a silent understanding to share a purpose to violate the law.  In addition, because a conspiracy by its very nature is often secret, neither the existence of the agreement nor the fact of the defendant's participation in it must be proved by direct evidence.  They may be proved by circumstantial evidence.

Mere similarity of conduct among various people, or the fact that they may have met with each other or discussed common aims and interests, does not by itself establish the existence of a conspiracy.  Mere association with other persons, even persons involved in criminal activity, does not by itself establish the existence of a conspiracy.  You may, however, consider such factors in deciding whether a conspiracy existed.

The extent of a defendant's participation in a conspiracy and the importance of his/her role in effectuating the purposes of the conspiracy do not determine that defendant's guilt.  A conspirator's guilt or innocence is not measured by the extent or duration of his participation.  Indeed, each member may perform separate and distinct acts and may perform them at different

times.  Some conspirators may play major roles, while others may play minor parts in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.[17]

The government does not have to prove that the conspiracy succeeded or that its objects were achieved.  A conspiracy is complete, and the crime has occurred, once the agreement has occurred.  Returning to my bank robbery example, the three conspirators committed the crime of conspiracy as soon as they agreed to rob the bank.  Even if they had been arrested before the robbery occurred, or if the robbery had been attempted but failed, they would have nonetheless committed the crime of conspiracy to commit bank robbery.

To act willfully for the purposes of Counts Two and Three means to act voluntarily and intelligently and with the specific intent that the underlying crime or crimes be committed; that is to say, with bad purpose, either to disobey or disregard the law, not to act by ignorance, accident, or mistake.  The government must prove two types of intent beyond a reasonable doubt before the defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime or crimes be committed.  Intent need not be proved directly and instead may be inferred from surrounding circumstances and circumstantial evidence because, ordinarily, there is no way of directly scrutinizing the workings of the human mind.  Proof that the defendant willfully joined in the agreement must be based upon evidence of his own actions and/or words.

You need not find that the defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator, or that the defendant participated in each act of the

---

[17] Adapted from L. Sand *et al.*, *Modern Federal Jury Instructions: Criminal*, Instr. 19-6 (2021).

agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture.  Even if the defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.  On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  In determining what the defendant knew or intended at a particular time, you may consider any statements he may have made; anything that he did, or failed to do; and any other evidence that may reflect his knowledge or intent. You may infer – although you are not required to – that a person intends the natural and probable consequences of his or her acts when those acts are done knowingly.

For Count Three only, the government must prove an overt act.  An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy.  Only one overt act has to be proven.  The government is not required to prove that the defendant personally committed or knew about the overt act.  It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.  The overt act need not be illegal.[18]

---

[18] *See* Pattern Crim. Jury Instr. 1st Cir., § 4.18.371(1); *see also See United States v. Flaherty*, 668 F.2d 566, 580 n.4 (1st Cir. 1981).

### HONEST SERVICES MAIL FRAUD AND HONEST SERVICES WIRE FRAUD

As previously noted, Count Two of the Indictment charges the defendant with conspiracy to commit two underlying crimes:  honest services mail fraud and honest services wire fraud.  So that you can determine whether a conspiracy between at least two people to commit one of these crimes existed, I will now provide you with instructions regarding the elements of these underlying crimes.  As I will explain, the elements of these crimes are the same, except for the instrumentality, specifically use of the mail or of a wire.  Honest services wire fraud is also the substantive crime charged in Count Sixteen.

Honest services mail fraud is comprised of two statutes, the first of which is the mail fraud statute.  Similarly, honest services wire fraud is comprised of two statutes, the first of which is the wire fraud statute.  The second relevant statute for both crimes is Section 1346 of Title 18 of the United States Code, which defines the term "scheme to defraud," as set forth in the mail and wire fraud statutes to include a "scheme to deprive another of the intangible right of honest services."

Taken together, the mail fraud statute and this honest services fraud statute constitute the offense of honest services mail fraud, just as, taken together, the wire fraud statute and the honest services fraud statute constitute the offense of honest services wire fraud.

The elements of these crimes are as follows:[19]

First, the defendant knowingly devised or participated in a scheme to defraud universities, including USC, of the intangible right to the honest services of their athletic coaches and/or university administrators through bribery or kickbacks;

---

[19] *See Skilling v. United States*, 561 U.S. 358 (2010); *United States v. Martin*, 228 F.3d 1, 16 (1st Cir. 2000); *United States v. Gaw*, 817 F.3d 1, 6-7 (1st Cir. 2016).

Second, the defendant knowingly and willfully participated in this scheme with the intent to defraud;

Third, that the scheme to defraud involved the misrepresentation or concealment of a material fact or matter, or the omission of a material fact or matter, or the scheme involved a false statement, assertion, half-truth, or knowing concealment concerning a material fact or matter; and

Fourth, that for the purpose of executing the scheme or in furtherance of the scheme, the defendant caused to be used, or it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, the United States mail or delivery by a private or commercial interstate carrier (for honest services mail fraud) or an interstate wire communication (for honest services wire fraud) would be used.

### a.      Element One – Scheme to Defraud of the Right to Honest Services

The first element  of honest services mail fraud and honest services wire fraud, as charged in this case, is that the defendant knowingly devised or participated in a scheme to defraud universities of the right to the honest services of their athletic coaches and/or university administrators through bribery or kickbacks.  A "scheme" is any plan or course of action formed with the intent to accomplish some purpose.  Thus, to find the defendant guilty of this offense, you must find that he devised or participated in a plan or course of action involving bribes or kickbacks given or offered to universities' athletic coaches and/or administrators.

A fiduciary duty for the purposes of the honest services fraud statute encompasses any trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.  An employee owes a fiduciary duty to his or her employer.  This fiduciary duty is a duty to act only for the benefit of

the employer, and not for the employee's own enrichment or benefit.[20]  When an employee devises

or participates in a bribery or kickback scheme, that employee violates his employer's right to his

honest services.  This is because the employee outwardly purports to be working solely for the

employer, but instead has received benefits from a third party.  The employer is defrauded because

the employer is not receiving what it expects and is entitled to, namely, the employee's honest

services.  The defendant need not owe the fiduciary duty personally, so long as he devised or

participated in a bribery or kickback scheme intended to deprive an employer of its right to a

fiduciary's honest services.[21]

The breach of the fiduciary duty must be by participation in a bribery or kickback scheme

– which involves the actual, intended, or solicited exchange of a thing of value for something else,

in other words, a *quid pro quo* (a Latin phrase meaning "this for that" or "these for those").[22]

The employee or fiduciary and the individual(s) providing the thing(s) of value need not

state the *quid pro quo* in express terms, for otherwise the law's effect would be frustrated by

---

[20] *See, e.g.*, *United States v. Rybicki*, 354 F.3d 124, 141-42 & n.17 (2d Cir. 2003) (*en banc*) (in private sector, statute applies to an "officer or employee of a private entity (or a person in a relationship that gives rise to a duty of loyalty comparable to that owed by employees to employers)").

[21] *United States v. Urciuoli*, 613 F.3d 11, 17-18 (1st Cir. 2010) (rejecting argument that mail fraud statute in honest services cases only covers public official who owes the duty).

[22] *See United States v. Sun-Diamond Growers*, 526 U.S. 398, 404-05 (1999) (interpreting § 201(b): "In other words, for bribery there must be a *quid pro quo*-a specific intent to give or receive something of value in exchange for an official act." (emphasis in original)); *United States v. Kemp*, 500 F.3d 257, 281 (3d Cir. 2007) ("The Supreme Court has explained, in interpreting the federal bribery and gratuity statute, 18 U.S.C. § 201, that bribery requires a *quid pro quo*. . ."); *United States v. Whitfield*, 590 F.3d 325, 353 (5th Cir. 2009) (requiring a specific intent to give or receive a thing of value "in exchange for an official act to be performed sometime in the future" (citations, quotations omitted)); *United States v. Ganim*, 510 F.3d 134, 148-49 (2d Cir. 2007) (Sotomayor, J.) ("an intent to effect an exchange").

knowing winks and nods.[23]  Rather, the intent to exchange may be established by circumstantial evidence, based upon the defendant's words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Bribery and kickbacks require the intent to effect an exchange of something of value for, as applicable here, official action,[24] but each payment need not be correlated with specific action.[25] The requirement that there be payment of a thing of value in return for action is satisfied so long

---

[23] *United States v. Urciuoli*, 613 F.3d 11, 15, n. 3 (1st Cir. 2010) (citing *United States v. Kincaid-Chauncey*, 556 F.3d 923, 943-47 (9th Cir. 2009) (*quid pro quo* bribe need not be evidenced by any express agreement or statements of intent)); *United States v. Kemp*, 500 F.3d 257, 282-85 (3d Cir. 2007) (same)).

[24] An "official act" is required in the context of Count Two, but not Count Three.  *See United States v. Abdelaziz, et al.*, 19-cr-10080-NMG, 10/7/2021 Trial Tr. at 5 ("[The Court] does not believe that an official act is required under the federal programs bribery statute.").  Not a single Circuit's model instructions (or other pattern instruction) for federal programs bribery under 18 U.S.C. § 666 require an official act, and courts have uniformly rejected the argument that federal programs bribery under § 666, unlike 18 U.S.C. § 201, requires proving an official act. *See, e.g.*, *United States v. Roberson*, 998 F.3d 1237, 1247 (11th Cir. 2021) (rejecting argument that § 666 requires an official act: "Consistent with the views of our sister Circuits . . . we do not read into Section 666 limitations unsupported by the language of the statute."); *United States v. Ng Lap Seng*, 934 F.3d 110, 134 (2d Cir. 2019) (holding that "*McDonnell*'s 'official act' standard does not pertain to bribery as proscribed by § 666"); *United States v. Porter*, 886 F.3d 562, 565–66 (6th Cir. 2018) (holding that "[i]n *McDonnell*, the Supreme Court limited the interpretation of the term 'official act' as it appears in § 201, an entirely different statute than [§ 666]"); *cf. United States v. Maggio*, 862 F.3d 642, 646 n.8 (8th Cir. 2017) (stating that *McDonnell* "had nothing to do with § 666").

[25] *Skilling*, 561 U.S. at 413 (citing *Kemp*, 500 F.3d at 281-86 (bribery theory of honest services fraud satisfied by "stream of benefits" in exchange for some official action, without need to show specific benefit for specific action: "payments may be made with the intent to retain the official's services on an 'as needed' basis, so that whenever the opportunity presents itself the official will take specific action on the payor's behalf."); *United States v. Martinez*, 994 F.3d 1, 7–8 (1st Cir. 2021) (collecting cases approving stream of benefits theory); *Whitfield*, 590 F.3d at 352-53 (specified act need not be identified at time of payment: "The law only requires that the Government prove the 'specific intent to give or receive something of value *in exchange* for an official act' to be performed sometime in the future." (emphasis in original)); *Ganim*, 510 F. 3d at 147-49 (no need to link each specific bribe with a single official act: "If the public official knows that he or she is expected as a result of the payment to exercise particular kinds of influence or decision making to the benefit of the payor, and, at the time the payment is accepted, intended to do so as specific opportunities arose, that is bribery.").

as the evidence shows a "course of conduct" of things of value flowing to an employee or fiduciary in exchange for the employee's/fiduciary's repeated action.  In other words, the intended exchange in bribery can be "this for these" or "these for these," not just "this for that."  Thus, all that must be shown is that things of value were provided to the employee or fiduciary, or for his or her benefit, with the intent of securing the employee's/fiduciary's action in return.[26]

A bribe is simply a payment (or other benefit) given in exchange for an employee's provision of influence or favorable treatment from his employer.  Payments to third parties, including even employer universities, may qualify as bribes or kickbacks.  In other words, payments made to accounts controlled by university insiders, even if such payments were ultimately received by the universities, may still constitute a benefit to those insiders who exercise control over the accounts.  Put differently, regardless of what it is called, money paid to a university account can constitute a bribe or kickback so long as the defendant entered into a corrupt or illegitimate agreement to receive something of value where a thing of value is defined broadly to include the value which the defendant subjectively attaches to the items received.[27]

_____

[26] *United States v. Urcuioli*, 613 F.3d 11, 14-15 & n. 3 (1st Cir. 2010).

[27] *See United States v. Sidoo*, 468 F. Supp. 3d 428, 445 (D. Mass. 2020) ("Payments made to accounts controlled by university insiders, even if such payments were ultimately received by the universities, may still constitute a benefit to those insiders who exercise control over the accounts."); *United States v. Ernst*, No. 19-10081-IT (D. Mass. July 28, 2021), Dkt. 733 at 3 ("The requirement that the government prove a 'private payment' or 'private gain' does not foreclose . . . a scenario where the Defendant agreed to have bribes paid to university accounts so long as the government proves that the defendant entered into a *corrupt or illegitimate* agreement to receive something 'of value' where 'a thing of value' is defined broadly to include the value which the defendant subjectively attaches to the items received."); *United States v. DeMizio*, 2012 WL 1020045, at *10 (E.D.N.Y. Mar. 26, 2012), *aff'd*, 741 F.3d 373 (2d Cir. 2014) (explaining that a scheme is "no less a kickback scheme when the employee directs the third party to share its profits with an entity designated by the employee in which the employee has an interest"); *United States v. Hausmann*, 345 F.3d 952, 954 (7th Cir. 2003) (kickback arrangement required payments to "individuals who had provided miscellaneous personal services to [the defendant] or his relatives . . . and . . . charities that [the defendant] supported"); *United States v. Sorich*, 523 F.3d

Also, it is not necessary for the government to prove that the scheme actually succeeded, or that anything of value was actually exchanged.  What the government must prove is that the defendant knowingly devised or participated in a scheme to defraud universities of their right to their employee's or fiduciary's honest services through bribes or kickbacks.

"Anything of value" includes things possessing intrinsic value, whether tangible or intangible, that the person giving or offering or the person soliciting or receiving considers to be worth something.  This includes a sum of money, favorable treatment, or career advancement.  It may also include things of value given to a third party for the benefit of the employee or fiduciary at the employee or fiduciary's knowing direction.

Finally, "induce" in this context means to undertake to gain corrupt influence over the judgment of the employee or fiduciary.  A person may act with a mixture of motives, but the government must prove that the provision of the thing of value is intended at least in part to corruptly induce, here, the admission of students to universities.

### b.     Element Two – Defendant's Knowing and Willful Participation in the Scheme

The second element of honest services mail fraud and honest services wire fraud is that the defendant participated in the scheme to defraud knowingly and willfully and with the intent to defraud.

The defendant acted "knowingly" if he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

---

702, 709 (7th Cir. 2008) ("By 'private gain' we simply mean *illegitimate* gain, which usually will go to the defendant, but need not") (emphasis added).

Note that, in deciding whether the defendant acted knowingly, you may infer that he had knowledge of particular facts if you find that he deliberately closed his eyes to facts that otherwise would have been obvious to him.  This is called "willful blindness."  In order to infer knowledge, you must find that two things have been established.  *First*, that the defendant was aware of a high probability of the existence of the facts in question.  *Second*, that the defendant consciously and deliberately avoided learning of those facts.  That is, the defendant willfully made himself blind to those facts.  It is entirely up to you to determine whether he deliberately closed his eyes to the facts and, if so, what inference, if any, should be drawn.  However, it is important to bear in mind that mere negligence or mistake in failing to learn the facts is not sufficient.  There must be a deliberate effort to remain ignorant of the facts in question.[28]

As to acting "willfully," an act is willful if done voluntarily and intentionally, and with the specific intent to do something the law forbids (here, defraud others), or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law.  Note that, with regard to finding a specific intent to defraud, you may find such an intent, though you are not required to do so, if you find that the defendant acted with reckless disregard or reckless indifference to the truth or falsity of his statements or omissions. Conversely, if the defendant acted in good faith, he cannot be guilty of the crime.  The burden to prove intent, as with all other elements of the crime, rests with the government.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by

---

[28] *See* Pattern Crim. Jury Instr. 1st Cir., § 2.16; *see also United States v. Prange*, 11-cr-10415-NMG (D. Mass.), ECF No. 246 at 123-24 (willful blindness instruction).

him and all other facts and circumstances received in evidence that may aid in your determination
of his knowledge or intent. You may infer, but you certainly are not required to infer, that a person
intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It
is entirely up to you, however, to decide what facts are proven by the evidence received during
this trial.

    *c.*        ***Element Three – Material Misrepresentation or Omission***

The third element of honest services mail fraud and honest services wire fraud is a false
representation or fraudulent failure to disclose that relates to a material fact.  A "material fact or
matter" is one that has a natural tendency to influence or is capable of influencing the decision of
the decision-maker to whom it was addressed.  Information is "material" for an employer if the
employee had reason to believe the information would lead a reasonable employer to change its
business conduct.  Put differently, if you find that a fact was intentionally withheld or omitted, you
must determine whether the fact was one that a reasonable person might have considered important
in making his or her decisions.

The government, however, need not prove that anyone actually relied on a statement.  If a
scheme to defraud has been or is intended to be devised, it makes no difference whether the persons
the schemers intended to defraud are gullible or skeptical, dull or bright.[29]

    *d.*        ***Element Four – Use of the Mail or Interstate Wire Communication***

The fourth element of honest services mail fraud and honest services wire fraud is that the
defendant caused the mail or an interstate wire communication to be used, or that it was reasonably
foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, a mailing
or an interstate wire communication would be used, on or about the date alleged.

---

[29] *See United States v. Brien*, 617 F.2d 299, 311 (1st Cir. 1980).

A mailing can be via the United States mail or delivery by a private or commercial interstate – such as UPS or FedEx.  An interstate wire communication includes a telephone communication from one state to another, an email transmission or other internet communication, or a financial or wire transaction from one state to another.

The mailing or interstate wire communication does not itself have to be essential to the scheme, but it must have been made for the purpose of carrying it out.  There is no requirement that the defendant himself was responsible for the mailing/wire communication, that the mailing/wire communication itself was fraudulent, or that the use of the mail/wire communication in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud.  But the government must prove beyond a reasonable doubt that the defendant knew, or could reasonably have foreseen, that use of the mail/wire communication would follow in the course of the scheme, in furtherance of the scheme, or for the purpose of executing the scheme.[30]

---

[30] *See* Pattern Crim. Jury Instr. 1st Cir., §§ 4.18.1341, 4.18.1343.

**COUNT THREE – CONSPIRACY TO COMMIT FEDERAL PROGRAMS BRIBERY**

Count Three charges the defendant with a second conspiracy.  The object of the conspiracy charged in Count Three is federal programs bribery.  Specifically, the defendant is accused of conspiring to commit this crime by corruptly soliciting, demanding, accepting, and agreeing to accept give anything of value from any person, intending to be influenced and rewarded as an agent of an organization that receives more than $10,000 per year in federal funding, here USC, in connection with any business, transaction, and series of transactions of USC involving anything of value of $5,000 or more, that is, in exchange for facilitating the admission of the students to USC as athletic recruits.

Recall that a conspiracy is an agreement to commit a crime.  The crime of conspiracy is an independent crime, and it is an entirely separate and different offense from the underlying or substantive crimes the defendant is alleged to have agreed to commit.  The government does not have to prove that the conspiracy succeeded or that its objects were achieved.  A conspiracy is complete, and the crime has occurred, once the agreement has occurred.

For you to find the defendant guilty of the conspiracy charged in Count Three, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

First, that the agreement specified in the Indictment, and not some other agreement or agreements, existed between at least two people to commit federal programs bribery;

Second, that the defendant willfully joined in that agreement; and

Third, that at least one conspirator performed an overt act in furtherance of the conspiracy.

I will now provide you with instructions regarding the elements of the underlying crime of the conspiracy charged in Count Three, federal programs bribery.

### FEDERAL PROGRAMS BRIBERY[31]

The elements of the underlying offense of federal programs bribery are as follows:

First, that at the time alleged in the Indictment, the defendant was an agent of USC;

Second, that in a one-year period, USC received federal benefits in excess of $10,000;

Third, that the defendant corruptly solicited, demanded, accepted or agreed to accept something of value from William "Rick" Singer or his clients;

Fourth, that the defendant acted corruptly with the intent to be influenced or rewarded in connection with the business, transaction, or series of transactions of USC; and

Fifth, that the value of the business, transaction, or series of transactions to which the payment related was at least $5,000.

As to the first element, an "agent" is a person authorized to act on behalf of another person, organization, or government.   Employees, partners, directors, officers, managers, and representatives are all agents of the organization or government with which they are associated.

As to the second element, the government must establish that USC received, during a one-year period, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or some other form of federal assistance.  This does not include legitimate/valid/bona fide salary, wages, fees, or other compensation paid or expenses paid or reimbursed in the ordinary course of business.  The government does not have to prove that the defendant had the authority to administer these federal benefits.

The third element is that the defendant corruptly solicited, demanded, accepted, or agreed to accept something of value.  To act "corruptly" means to act voluntarily, deliberately, and

---

[31] Adapted from L. Sand *et al.*, *Modern Federal Jury Instructions: Criminal*, Instr. 27A.03 (2021); Third Circuit Model Criminal Jury Instructions, § 6.18.666A2; *see also United States v. Sotomayor-Vazquez*, 249 F.3d 1, 7-8 (1st Cir. 2001).

dishonestly to either accomplish an unlawful end or result or to use an unlawful method or means to accomplish an otherwise lawful end or result. Corrupt acts are ordinarily motivated by a hope or expectation of either financial gain or other benefits to one's self, or some aid or profit to another. "Something of value" may be tangible property, intangible property, or services, of any dollar value, so long as it has value. Here, the government alleges the thing of value the defendant corruptly solicited, demanded, accepted, or agreed to accept were payments to USC accounts that he controlled or that benefited him or payments for the benefit of the defendant personally, including high school tuition payments for his sons. The government does not have to prove that the defendant received the payment or that the defendant solicited, demanded, accepted, or agreed to accept payment for his or her personal benefit. The government also is not required to prove that the thing of value, that is, the payment, that the defendant solicited, demanded, accepted, or agreed to accept was "federal benefits" or that the illegal acts directly affected the federal benefits the organization received.

The fourth element is that the defendant acted corruptly with the intent to be influenced or rewarded in connection with the business, transaction, or series of transactions of USC. Here, the government alleges that business, transaction, or series of transactions involved facilitating the admission to USC of students as athletic recruits. While the government must prove that the defendant intended at least in part to be influenced or rewarded, the government is not required to prove that defendant took any particular action, or that the bribe actually influenced the defendant, or that the defendant had the authority to perform the act sought – that is, that the defendant could facilitate the admission of the students to USC.

A bribe is simply a payment (or other benefit), regardless of what it is called, given in exchange for an employee's provision of influence or favorable treatment from his employer.

Payments to third parties, including even employer universities, may qualify as bribes or kickbacks.  In other words, payments made to accounts controlled by university insiders, even if such payments were ultimately received by the universities, may still constitute a benefit to those insiders who exercise control over the accounts so long as the government proves that the defendant entered into a corrupt or illegitimate agreement to receive something of value where a thing of value is defined broadly to include the value which the defendant subjectively attaches to the items received.[32]

Direct proof of a corrupt intent is not necessary, and such an intent may be established by circumstantial evidence.

The fifth element is that the value of the business, transaction, or series of transactions to which the bribe payment related – that is, the facilitation of admission of students to USC as athletic recruits – was at least $5,000.  The government is not required to prove the exact amount of the value of the business, transaction, or series of transactions at issue, but the government must prove that the value was $5,000 or more.  If you find that the facilitation of admission to USC had

---

[32] *See United States v. Ernst*, No. 19-10081-IT (D. Mass. July 28, 2021), Dkt. 733 at 3 ("The requirement that the government prove a 'private payment' or 'private gain' does not foreclose . . . a scenario where the Defendant agreed to have bribes paid to university accounts so long as the government proves that the defendant entered into a *corrupt or illegitimate* agreement to receive something 'of value' where 'a thing of value is defined broadly to include the value which the defendant subjectively attaches to the items received.'"); *United States v. Sidoo*, 468 F. Supp. 3d 428, 445 (D. Mass. 2020) ("Payments made to accounts controlled by university insiders, even if such payments were ultimately received by the universities, may still constitute a benefit to those insiders who exercise control over the accounts."); *United States v. DeMizio*, 2012 WL 1020045, at *10 (E.D.N.Y. Mar. 26, 2012), *aff'd*, 741 F.3d 373 (2d Cir. 2014) (explaining that a scheme is "no less a kickback scheme when the employee directs the third party to share its profits with an entity designated by the employee in which the employee has an interest"); *United States v. Hausmann*, 345 F.3d 952, 954 (7th Cir. 2003) (kickback arrangement required payments to "individuals who had provided miscellaneous personal services to [the defendant] or his relatives. . . and . . . charities that [the defendant] supported"); *United States v. Sorich*, 523 F.3d 702, 709 (7th Cir. 2008) ("By 'private gain' we simply mean *illegitimate* gain, which usually will go to the defendant, but need not") (emphasis added).

a value of at least $5,000, this element is satisfied.  The term "value" includes "market value," which is the price a willing buyer would pay a willing seller.  You may, but are not required, to look to the value of the bribe payments as evidence of the value of the business, transaction, or series of transactions.[33]  The government is not required to prove that defendant received at least $5,000.  It is the value of the business, transaction or series of transactions – that is, the facilitation of admission – that the bribe was intended to influence or reward that is important.

---

[33] *See United States v. Fernandez*, 722 F.3d 1, 13 (1st Cir. 2013) ("[W]here the subject matter of the bribe is a 'thing of value' without a fixed price, courts may look to the value of the bribe as evidence of the value of the 'business, transaction, or series of transactions.'").

## COUNT SIXTEEN – HONEST SERVICES WIRE FRAUD[34]

Count Sixteen charges the defendant with substantive honest services wire fraud. Specifically, Count Sixteen charges the defendant with honest services wire fraud in connection with a phone call with William "Rick" Singer on or about January 2, 2019.  The defendant is accused of committing this crime by engaging in a fraudulent scheme to deprive USC of its right to the honest services of its athletic coaches and university administrators.

In explaining the conspiracy charged in Count Two and the objects of that conspiracy, I have previously instructed you on the elements of honest services wire fraud, and I will not repeat those instructions here.

---

[34] Adapted from Pattern Crim. Jury Instr. 1st Cir., §§ 4.18.1343, 4.18.1346, 4.18.02(a).