UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 19-10081-IT |
| | ) | |
| JOVAN VAVIC | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S PROPOSED JURY INSTRUCTIONS [Dkt. 1057]**

The government respectfully files this memorandum in opposition to the defendant's proposed jury instructions. Dkt. 1057. The defendant proposes 126 pages of jury instructions for a one-defendant case involving essentially two charges: (i) conspiracy to commit honest services mail and wire fraud (and a substantive count of honest services wire fraud); and (ii) conspiracy to commit federal programs bribery. In summary, the defendant's proposed instructions eschew well-established pattern instructions, ignore the law of *this case* and the Supreme Court, and devolve into prose that more closely resembles a closing argument than a jury charge (including, discussing "good faith" 45 times). For example, the defendant contends, contrary to Supreme Court precedent, that California state law governs whether he owed his employer a fiduciary duty in the context of the honest services fraud statute.[1] As another example, he asserts, contrary to the law of this case, that a payment to a university account cannot be a bribe as a matter of law.[2]

---

[1] *But see Skilling v. United States*, 561 U.S. 358, 407 & n.41 (2010) (explaining that it is "beyond dispute" that an employee owes an employer a fiduciary duty under the honest services fraud statute).

[2] *But see* Dkt. 733 at 3 (holding that bribery may be proven "where the defendant agreed to have bribes paid to university accounts so long as the government proves that the defendant entered into a corrupt or illegitimate agreement . . .").

For these reasons, and the reasons set forth below, the Court should charge the jury based on the Court's instructions in the related case *United States v. Abdelaziz*, which rely heavily on pattern instructions, and the government's proposed instructions. *See* Dkt. 1056; *see also* Dkt. 1056-1 (jury charge in *United States v. Abdelaziz*, 19-cr-10080-NMG).[3]

### **Response to Proposed Instruction #1 – Duty of the Jury**

The government submits that its proposed instruction regarding the duty of the jury is simpler, more straightforward, less repetitive, and more closely tracks the model First Circuit instruction.[4] Dkt. 1056 at 1. The government respectfully requests that the Court charge the jury based on the government's proposed instruction, or, alternatively, use any instruction the Court customarily provides with respect to the duty of the jury.

### **Response to Proposed Instruction #2 – Pretrial Publicity**

The government does not object to the Court instructing the jury on pretrial publicity, but there is no basis for suggesting that the media coverage of this case has been inaccurate, and it is improperly one-sided to make that suggestion to the jury. The government therefore respectfully requests that the Court decline to include the following phrase of the defendant's proposed instruction #2: "You can have no confidence that those news stories are accurate, either with respect to the facts or the law."

In *Abdelaziz*, the defendants proposed a verbatim instruction, and the Court declined to give it. Instead, the Court provided a more neutral instruction to the jury about disregarding media coverage. *See* Dkt. 1056-1 at 6.

---

[3] This memorandum is not intended to address the entirety of the defendant's proposed instructions, but rather the most significant differences from the government's proposed instructions and pattern instructions. Accordingly, the government reserves the right to object to additional portions of defendant's proposed instructions and future proposed instructions.

[4] Pattern Crim. Jury Instr. 1st Cir., § 3.01.

### Response to Proposed Instruction #3 – Conduct of the Jury

The government objects to the language, "these rules exist because Coach Vavic is entitled to a fair trial."  Both the defendant and the United States are entitled to a fair trial.  The defendant's proposed instruction is also needlessly lengthy and repetitive and thus has the potential to confuse the jury.  Therefore, the government respectfully requests that the Court give any instruction it customarily provides regarding conduct of the jury or one that more closely tracks the pattern First Circuit instructions.[5]

### Response to Proposed Instruction #4 – The Nature of the Indictment

The government respectfully requests that the Court charge the jury regarding the nature of the Indictment based on its proposed instruction titled "Overview of the Indictment and Charges." The government's proposed instruction is more straight-forward and less argumentative.

The government objects to the first paragraph of the defendant's proposed instruction, which is absent from pattern First Circuit instructions and unnecessary.

The government objects to the defendant's reference to himself as "Coach Vavic" throughout his proposed instructions.   While the defendant is, of course, free to refer to himself as he wishes, the government respectfully submits that the Court should refer to him more neutrally as Mr. Vavic or the defendant during the proceedings.

The government objects to the defendant's reference to other specific defendants by name in explaining Counts Two and Three because it incorrectly suggests that the jury must find that the defendant conspired with a specific group of people.  It is unnecessary and inconsistent with the charging language of the Indictment, for example, to reference Rick Singer in the description of the conspiracy counts (Counts Two and Three).  The defendants in *Abdelaziz* proposed similar

---

[5] Pattern Crim. Jury Instr. 1st Cir., § 1.07.

language, and the Court correctly refused to instruct in language that strays from the language of the charges in the Indictment. *See* Dkt. 1056-1 at 21–23.

The government also objects to the defendant's reference to specific universities in Count Two because it is unnecessary in the context of an introductory instruction, and incorrectly suggests that the jury must find that the defendant conspired to defraud all of those universities.

The government objects to the following sentence, as it is redundant and has the potential to confuse the jury: "Your decision on one charge should not influence your decision on any of the other charges."

### Response to Proposed Instruction #5 – Presumption of Innocence; Proof Beyond a Reasonable Doubt

The government objects to the defendant's proposed instruction insofar as it is needlessly argumentative, lengthy, and repetitive and thus has the potential to confuse the jury. To the extent the Court is inclined to give preliminary instructions, the government requests that the Court instruct the jury based on the First Circuit's shorter pattern instruction regarding the presumption of innocence and proof beyond a reasonable doubt.[6]

### Response to Proposed Instruction #6 – Impermissible to Infer Participation from Mere Presence or Association

The government objects to the defendant's proposed instruction because it is argumentative, and out of context, particularly in the context of preliminary instructions. An instruction about "mere association" being insufficient to prove that the defendant willfully joined in a conspiracy should be given in the context of the Court's closing instructions on Counts Two and Three, not as a standalone argumentative instruction at the outset of the proceedings. For example, the following language is not only argumentative, but confuses proof establishing the

---

[6] Pattern Crim. Jury Instr. 1st Cir., § 1.02.

existence of a conspiracy with the defendant's willful participation in that conspiracy: "[T]he fact that [the defendant] may have . . . discussed common aims and interests with other people who were members of the conspiracies . . . does not, standing alone, establish proof of the existence of a conspiracy."

In sum, the Court should give standard, well-established instructions on conspiracy in the context of the charged counts, and not adopt the defendant's request to cherry-pick certain parts of instructions and make them standalone instructions, which will confuse the jury, particularly at the outset of the case.[7]

### **Response to Proposed Instruction #7 – Not Here to Opine on Policy**

The government objects to the defendant's proposed preliminary instruction because it is argumentative, one-sided, and unsupported by the authority it cites.  Although the government does not believe it is necessary in the context of this case, the government does not object to a "legitimate giving" instruction in the Court's closing instructions that is similar to the two-sentence instruction given by Judge Gorton in *Abdelaziz*.  *See* Dkt. 1056-1 at 19.  The government also objects to the defendant's proposed instruction to the extent it is contrary to the law of the case. *Compare* Def. Prop. Instr. 7 ("Nor is it against the law for a university to . . . reward donors by giving admission preferences . . . *in exchange for* donations.") (emphasis added), *with* Dkt. 733 at 3 (holding that bribery may be proven "where the defendant agreed to have bribes paid to university accounts so long as the government proves that the defendant entered into a corrupt or illegitimate agreement . . .").  Finally, none of these issues need be raised at the outset of the case.

---

[7] *See, e.g.*, Pattern Crim. Jury Instr. 1st Cir., § 4.18.371(1).

**Response to Proposed Instruction #8 – Evidence; Objections; Rulings; Bench Conferences**

The government does not object to the defendant's proposed instruction to the extent it tracks First Circuit pattern instructions.[8]

**Response to Proposed Instruction #9 – Credibility of Witnesses**

The government does not object to the defendant's proposed instruction to the extent it tracks First Circuit pattern instructions.[9]

**Response to Proposed Instruction #10 – Note Taking**

The government does not object to the defendant's proposed instruction to the extent it tracks First Circuit pattern instructions.[10]

**Response to Proposed Instruction #11 – Outline of Trial**

The government does not object to the defendant's proposed instruction to the extent it tracks First Circuit pattern instructions.[11]

**Response to Proposed Instruction #12 – Conduct of Counsel**

The government objects to the defendant's proposed instruction insofar as it is needlessly repetitive and thus has the potential to confuse the jury.  Therefore, the government respectfully requests that the Court give any instruction it customarily provides regarding conduct of counsel, if necessary.

**Response to Proposed Instruction #13 – Proposed Limiting Instruction**

The government objects to defendant's proposed "limiting instruction" because it is argumentative, confusing, and unnecessary, as the relevant concept is covered by the government's

---

[8] Pattern Crim. Jury Instr. 1st Cir., § 1.05.

[9] Pattern Crim. Jury Instr. 1st Cir., § 1.06.

[10] Pattern Crim. Jury Instr. 1st Cir., § 1.08.

[11] Pattern Crim. Jury Instr. 1st Cir., § 1.09.

proposed instructions on conspiracy in the context of the charges.  It is black-letter conspiracy law that the second element the government must prove is that the defendant willfully joined in the charged conspiracy.  There is no basis for a separate "limiting instruction" during the proceedings as to what evidence may be relevant to prove intent. The requirements as to the intent that must be proven should be articulated in the context of the closing charges and elements, not as a separate standalone instruction given throughout trial.   The defendant's proposed instruction is also incorrect.  For example, it is not correct to instruct the jury that "evidence regarding the statements and actions of other people . . . is not evidence of [the defendant's] intent."  For example, if a witness testifies that "co-conspirator X told me during our conspiracy that defendant Z was also part of the conspiracy," such testimony may properly be considered as evidence of the defendant's intent.   Likewise, if another person took action at the defendant's direction, that action may properly be considered as evidence of the defendant's intent.  The government agrees that, in the appropriate context of the closing charges and elements, the Court should instruct the jury that "proof that the defendant willfully joined in the agreement must be based upon evidence of his own words and actions." *See Abdelaziz*, Dkt. 1056-1 at 28–29.  The government objects, however, to instructing the jury not to consider "evidence of Rick Singer's words and/or actions, or the words and/or actions of any other person or alleged co-conspirator," as such an instruction is argumentative and misstates the applicable law.

### Response to Proposed Instruction #14 – First Recess

The government objects to the defendant's proposed instruction because it is repetitive of pretrial instructions.  If the Court concludes that recess instructions are warranted, the government requests that the Court give its customary instructions on the issue.

**Response to Proposed Instruction #15 – Publicity – Reminder**

The government objects to the defendant's publicity "reminder" instruction because it is repetitive of pretrial instructions, and because it is similarly argumentative.

**Response to Proposed Instruction #16 – Juror Attentiveness**

The government does not object to the substance of the defendant's proposed instruction but respectfully submits that the instruction is repetitive.

**Response to Proposed Instruction # 17 – Duty of the Jury to Find Facts and Follow Law**

The government does not object to the defendant's proposed instruction to the extent it tracks First Circuit pattern instructions.[12]

**Response to Proposed Instruction #18 – Presumption of Innocence; Proof Beyond a Reasonable Doubt**

The government does not generally object to defendant's proposed instruction to the extent it tracks First Circuit pattern instructions,[13] except insofar as it is needlessly lengthy and repetitive and thus has the potential to confuse the jury.  Therefore, the government respectfully requests that the Court give any instruction it customarily provides regarding presumption of innocence and proof beyond a reasonable doubt.

**Response to Proposed Instruction #19 – The Government as a Party**

The government objects to the defendant's proposed instruction to the extent it cherry-picks portions of the proposed instruction from *Sand*, omitting the following: "The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to

---

[12] Pattern Crim. Jury Instr. 1st Cir., § 3.01.

[13] Pattern Crim. Jury Instr. 1st Cir., § 3.02.

8

the community."[14]  If the Court is inclined to give such an instruction, it should give the *entirety* of the instruction from the defendant's cited authority.

### Response to Proposed Instruction #20 – Conduct of Counsel

The government does not believe that the jury needs to be instructed on the conduct of counsel both in preliminary and final instructions, if at all.

### Response to Proposed Instruction #21 – Jurors as Fact-Finders

The government objects to the extent that the defendant's proposed instruction is duplicative of the defendant's proposed instruction #17.  The government agrees that the Court should instruct the jury regarding punishment, but respectfully submits that the government's proposed instruction is less repetitive.  Dkt. 1056 at 8.

### Response to Proposed Instruction #22 – What is Evidence; Inferences

The government does not object to the Court instructing the jury regarding what is and is not evidence based on an instruction that the Court customarily gives.

### Response to Proposed Instruction #23 – Kinds of Evidence: Direct and Circumstantial

The government's proposed instruction on direct and circumstantial evidence is identical to the defendant's proposed instruction.  Dkt. 1056 at 2.

### Response to Proposed Instruction #24 – Persons not on Trial

The government does not generally object to the Court instructing the jury based on defendant's proposed instruction regarding persons not on trial. However, the government respectfully requests that the Court also give its proposed instruction regarding persons who are

---

[14] Sand et al., *Modern Federal Jury Instructions* (Crim.), Inst. 2-5 (2018).

named during the course of trial but who do not testify.  Dkt. 1056 at 12; *Abdelaziz*, Dkt. 1056-1 at 13.

### Response to Proposed Instruction #25 – Credibility of Witnesses

The government does not object to the defendant's proposed instruction to the extent it tracks First Circuit pattern instructions.[15]

### Response to Proposed Instruction #26 – Inconsistencies in Witness Testimony

The government does not generally object to the Court instructing the jury regarding inconsistencies in witnesses' testimony.  However, the government objects to the first sentence of the defendant's proposed instruction because it is unrelated to that issue, argumentative, and also needlessly repetitive of other instructions.  The government also respectfully submits that the Court can instruct the jury regarding inconsistencies in witness testimony in its instruction regarding witness credibility.

### Response to Proposed Instruction #27 – Improper Considerations

The government objects to the defendant's proposed instruction because it repetitively and argumentatively discusses the burden of proof and presumption of innocence in the context of an instruction that purports to discuss improper considerations, such as race, religion, sex, and age.

### Response to Proposed Instruction #28 – Defendant's Constitutional Right Not to Testify

The government objects to the defendant's proposed instruction because it is needlessly repetitive.  The Court should rely on pattern First Circuit instructions regarding the defendant's right not to testify.[16]

---

[15] Pattern Crim. Jury Instr. 1st Cir., § 3.06.

[16] Pattern Crim. Jury Instr. 1st Cir., § 3.03.

**<u>Response to Proposed Instruction #29 – Impermissible to Infer Participation from Mere Presence or Association</u>**

The government objects to the defendant's proposed instruction because it is argumentative, and out of context.  An instruction about "mere association" being insufficient to prove that the defendant willfully joined in a conspiracy should be given in the context of the Court's instructions on Counts Two and Three, not as a standalone instruction that is argumentative at the outset of the Court's instructions.  For example, and as previously noted, the following language is not only argumentative, but confuses proof establishing the existence of a conspiracy with the defendant's willful participation in that conspiracy: "[T]he fact that [the defendant] may have . . . discussed common aims and interests with other people who were members of the conspiracies . . . does not, standing alone, establish proof of the existence of a conspiracy."

**<u>Response to Proposed Instruction #30 – Weighing Testimony of an Expert Witness</u>**

The government does not object to the defendant's proposed instruction to the extent it tracks First Circuit pattern instructions.[17]

**<u>Response to Proposed Instruction #31 – Cautionary and Limiting Instruction as to Particular Kinds of Evidence</u>**

The government does not object to the defendant's proposed instruction to the extent it tracks First Circuit pattern instructions,[18] but notes there is no indication that such an instruction would be warranted at this time. The government respectfully reserves the right to object if it believes such an instruction is inappropriate based on the evidence at trial.

---

[17] Pattern Crim. Jury Instr. 1st Cir., § 2.07.

[18] Pattern Crim. Jury Instr. 1st Cir., § 3.07.

### **Response to Proposed Instruction #32 – Caution as to Cooperating Witnesses**

The government respectfully requests that the Court charge the jury based on its proposed instruction regarding cooperating witnesses, or, alternatively, give any instruction the Court customarily provides in this regard. The government objects to the defendant's request that the Court read this instruction for *each* specific cooperating witness, as the defendant requests. The government also objects to the following sentence, which is argumentative and suggests to the jury that the evidence is based on the "unsupported" testimony of one witness: "In addition, it is impermissible for you to convict [the defendant] based solely on the unsupported testimony of a witness who has plead [*sic*] guilty unless you believe the witness's testimony beyond a reasonable doubt." *See United States v. Paniagua-Ramos*, 251 F.3d 242, 248 n.3 (1st Cir. 2001) (stating that such an instruction is appropriate only where the "uncorroborated testimony" of an accomplice is "the only evidence of guilt").

### **Response to Proposed Instruction #33 – Bias or Hostility**

The government objects to the defendant's proposed instruction because it is unnecessary, argumentative, and unsupported by pattern First Circuit instructions. First Circuit pattern instructions elsewhere contain guidance on evaluating bias in assessing witness credibility; there is no need for a separate standalone – and argumentative – instruction that instructs the jurors to consider "evidence of resentment or anger that some government witnesses may have towards [the defendant]."[19]

---

[19] *See* Pattern Crim. Jury Instr. 1st Cir., § 3.06 (noting that the jury may consider the following, among other things, in assessing witness credibility: "their apparent fairness or any bias they may have displayed . . . [and] any prejudice they may have shown").

**Response to Proposed Instruction #34 – Testimony of Law Enforcement or Government Official**

The government objects to the defendant's proposed instruction, which is unsupported by pattern First Circuit instructions. While it is improper to suggest to the jury that law enforcement witnesses or witnesses employed by the federal government are inherently credible, it is unnecessary to separately instruct the jury regarding their credibility, as it should be assessed in the same manner as any other witness's. The government does not object to including the first two sentences and the final sentence of defendant's proposed instruction in the general instruction on credibility of witnesses.

More importantly, there is no basis for instructing the jury that it is "quite legitimate" to take into account – in assessing a law enforcement/federal employee witness's credibility – the manner in which the investigation was conducted, or the standards of the relevant department or agency and whether the witness acted in accordance with them.  If the defendant wishes to attack the investigation that led to the charges against him, he may endeavor to do so through cross-examination and argument.  The same is true of whether the witness has a personal or professional interest in the outcome of the case – the defendant may explore the matter on cross-examination, and make related arguments in closing, but it is not an appropriate jury charge.  The defendants in *Abdelaziz* requested a similar instruction, and the Court declined to give it.  *See Abdelaziz*, Dkt. 1056-1 at 15.

**Response to Proposed Instruction #35 – Impeachment by Prior Inconsistent Statement (If Applicable)**

The government does not object to the defendant's proposed instruction to the extent it tracks pattern First Circuit instructions.[20]

---

[20] Pattern Crim. Jury Instr. 1st Cir., § 2.03.

**Response to Proposed Instruction #36 – Missing Witnesses (If Applicable)**

The government objects to the defendant's request for a missing witness instruction, which is identical to the defendants' proposed instruction in *Abdelaziz*. The defendants in *Abdelaziz* requested a missing witness instruction, and the Court correctly declined to give one. *See Abdelaziz*, 10/5/2021 Trial Tr. at 8 ("I will not give missing witness because there's no reason to give that instruction.").

The defendant has not identified a witness who meets the threshold requirements for a missing witness instruction. *See United States v. Anderson*, 452 F.3d 66, 81 (1st Cir. 2006). "A threshold requirement for a missing witness instruction is that the uncalled witness not be equally available to both parties." *United States v. Sandoval*, 6 F.4th 63, 102 (1st Cir. 2021), *cert. denied sub nom. Larios v. United States*, 142 S. Ct. 801 (2022); *see also United States v. Spinosa*, 982 F.2d 620, 632 (1st Cir. 1992). Accordingly, a missing witness instruction is potentially applicable only where "the witness is, in fact, not physically available to the party seeking the instruction, or, when an uncalled, but physically available, witness is so clearly favorably disposed to the other party that the witness is considered legally unavailable." *Id.*

Presumably, the defendant seeks a missing witness instruction in the event the government does not call William "Rick" Singer to testify at trial. But the First Circuit has consistently held that missing witness instructions were inappropriate in similar situations, or even situations where the witness was less available to the defendant than Singer is to the defendant here. *See, e.g., Sandoval*, 6 F.4th 63 at 102–03 (affirming denial of missing witness instruction in MS-13 prosecution where defendants were unable to subpoena or interview non-testifying cooperating witness); *Spinosa*, 982 F.2d at 633 (affirming denial of missing witness instruction where non-testifying witness was "paid government informant" and defendant "knew [his] identity and how to locate him," but declined to do so); *United States v. Perez*, 299 F.3d 1, 4 (1st Cir. 2002)

14

(affirming denial of missing witness instruction where defendant did not even know identity of non-testifying informant); *Anderson*, 452 F.3d at 82 ("[A]bsent some effort to secure witness's appearance, request for missing witness instruction indicates that defense counsel is more interested in exploiting the witness's absence than seeing him produced."); *United States v. Ramos-Gonzalez*, 775 F.3d 483, 500 (1st Cir. 2015) (affirming denial of missing witness instruction: "Nothing in the record suggests that [the defendant] lacked access to [witness] or was unable to call her."); *United States v. Pagan-Santini*, 451 F.3d 258, 267 (1st Cir. 2006) ("There is no indication that [the defendant] even attempted to call [witness] to testify."); *United States v. Jimenez*, 419 F.3d 34, 44 (1st Cir. 2005) ("[T]he government's power to grant immunity from prosecution to a witness does not make that witness more available, or peculiarly available, to the government.").

Even if the government elects not to call Singer, the defendant would be unable to make the requisite showing.  First, the mere fact that Singer cooperated in the government's investigation does not render him favorably disposed to testify on behalf of the government or peculiarly available to the government. *See United States v. DeLuca*, 137 F.3d 24, 38 (1st Cir. 1998) (cooperation rendered by informants during the government's investigation did not necessarily satisfy the requirements for a missing witness instruction); *Anderson*, 452 F.3d at 81 ("[W]e have made clear that the mere fact of cooperation does not make a witness 'favorably disposed' to the government.") (citing *DeLuca,* 137 F.3d at 38).

Second, outside of his cooperation, there is insufficient support for a finding that Singer is favorably disposed to the government.  *See Ramos-Gonzalez*, 775 F.3d at 500 (district court did not abuse its discretion in refusing to give a missing witness instruction where it was unclear "which side would have benefited more" from police officer witness's testimony because,

"[a]lthough [the police officer's] testimony presumably would have favored the prosecution, she would have faced vigorous cross-examination" based on inconsistencies between prior testimony and an FBI 302 report); *Anderson*, 452 F.3d at 81 (district court was justified in finding that witness was not favorably disposed to the government where there were some issues on which the witness would testify favorably and some issues on which he would testify not favorably).  While Singer cooperated with the government's investigation, he also obstructed the investigation.

In these circumstances and under First Circuit precedent, the defendant cannot meet his burden of demonstrating that a missing witness instruction is even appropriate, much less that the Court should use its discretion to give one.

### Response to Proposed Instruction #37 – Spoliation (If Applicable)

The government objects to the defendant's request for a spoliation instruction, which is identical to the defendants' proposed instruction in *Abdelaziz*.  The defendants in *Abdelaziz* requested a spoliation instruction, and the Court correctly declined to give one.  *See Abdelaziz*, 10/5/2021 Trial Tr. at 7 ("I will not charge on spoliation . . . [t]here is no such evidence [of bad faith].").

Such an instruction is unwarranted where there is no evidence that permits a finding of bad faith destruction and resulting prejudice to the defendant.  *See United States v. Laurent*, 607 F.3d 895, 902 (1st Cir. 2010) (a spoliation instruction "usually makes sense only where the evidence permits a finding of bad faith destruction; ordinarily, *negligent* destruction would not support the logical inference that the evidence was favorable to the defendant") (emphasis in original).  *See also United States v. Romo-Chavez*, 681 F.3d 955, 961 (9th Cir. 2012) (to warrant an adverse inference instruction based on destruction of evidence, a defendant must establish "(1) that the evidence was destroyed in bad faith, and (2) that he was prejudiced by its destruction").

There is no evidence in this case that the government engaged in the bad faith destruction of evidence, much less that the defendant has been prejudiced.  (Indeed, the defendant's very next proposed instruction alleges that the government "erred by failing to preserve the contents of Rick Singer's cellphones, including text messages" – which is untrue and argumentative, but also inconsistent with the defendant's contention that the government acted in bad faith.)  Accordingly, a spoliation instruction is unwarranted.  *See, e.g., United States v. Montoya*, 844 F.3d 63, 69 (1st Cir. 2016) ("Even assuming that the missing call logs and Facebook messages might have contained favorable evidence, an inference of spoliation would still not be justified because the defendant adduced no evidence suggesting that the government neglected to preserve the records in bad faith. The opposite is true: the failure to retain call logs was at most careless[.]").  *See also United States v. Nelson*, 481 F. App'x 40, 42 (3d Cir. 2012) ("where there is no showing that the evidence was destroyed in order to prevent it from being used by the adverse party, a spoliation instruction is improper"); *United States v. Rodriguez*, 821 F. App'x 371, 373 (5th Cir. 2020) ("For a spoliation claim, bad faith generally means destruction for the purpose of hiding *adverse* evidence.") (emphasis in original).

### **Response to Proposed Instruction #38 – Failure to Collect Evidence (If Applicable)**

The government objects to the defendant's request for a "failure to collect evidence" instruction, which is copied from the defendants' proposed instruction in *Abdelaziz*.  The defendants in *Abdelaziz* requested an identical instruction, and the Court correctly declined to give one.  *See Abdelaziz*, 10/5/2021 Trial Tr. at 7.  The proposed instruction improperly characterizes the evidence, and, aside from a single citation to a civil case, is without any support. The defendant's attempt to present argument through his proposed jury instructions should be rejected.

### Response to Proposed Instruction #39 – Statements by the Defendant (If Applicable)

The government does not object to the defendant's proposed instruction to the extent it tracks pattern First Circuit instructions.[21]

### Response to Proposed Instruction #40 – Opinion as to the Character of Witness to Impeach Witness's Credibility (If Applicable)

The government respectfully reserves the right to object to the defendant's proposed instruction if it believes such an instruction is inappropriate based on the evidence at trial.

### Response to Proposed Instruction #41 – Stipulations (If Applicable)

The government has no objection to the defendant's proposed instruction, which is substantially similar to its proposed instruction on stipulations (Dkt. 1056 at 4) and pattern First Circuit instructions.[22]

### Response to Proposed Instruction #42 – Recordings and Transcripts

The government has no objection to the defendant's proposed instruction, which is substantially similar to its proposed instruction on recordings and transcripts (Dkt. 1056 at 11) and pattern First Circuit instructions.[23]

### Response to Proposed Instruction #43 – Joint: Charts and Summaries – Admitted as Evidence (If Applicable)

The government has no objection to the defendant's proposed instruction, which is substantially similar to its proposed instruction on charts and summaries (Dkt. 1056 at 3).

### Response to Proposed Instruction #44 – "On or About" – Explained

The government has no objection to defendant's proposed instruction, which is substantially similar to its proposed instruction explaining "on or about" (Dkt. 1056 at 6).

---

[21] Pattern Crim. Jury Instr. 1st Cir., § 2.11.

[22] Pattern Crim. Jury Instr. 1st Cir., § 2.01.

[23] Pattern Crim. Jury Instr. 1st Cir., § 2.09.

**Response to Proposed Instruction #45 – Markings on Exhibits**

The government objects to the second sentence of the defendant's proposed instruction, which is unnecessary, but otherwise does not object to the Court instructing the jury to disregard redactions, bates stamps, and similar markings on exhibits.

**Response to Proposed Instruction #46 – Conspiracy: Basic Elements**

The government objects to the defendant's proposed instruction stating the basic elements of conspiracy because it does not follow First Circuit pattern instructions.  The Court should instruct the jury based on the government's proposed instruction.  Dkt. 1056 at 15.

The defendant's proposed instruction does not accurately set forth the basic elements of conspiracy under the law of the First Circuit.  The first element the government must prove is that the agreement specified in the Indictment, and not some other agreement or agreements, existed between at least two people – not "those people as alleged in the indictment" – to commit the underlying crimes.  *See* Pattern Crim. Jury Instr. 1st Cir., § 4.18.1349 (referencing § 4.18.371(1)). The defendant cites no support – and there is none – for instructing the jury that this element requires proof that "the Defendant specifically intended and agreed that a member of the conspiracy would commit conduct that actually constituted the underlying crimes alleged."

Further, the First Circuit has not held that a conviction under 18 U.S.C. § 1349 requires an overt act in furtherance of the conspiracy.  *See id*., cmt. 1.  There is thus no basis – and the defendant cites none – for suggesting that the government must prove commission of an overt act as a third element of the conspiracy charged in Count Two of the Indictment.  While the conspiracy charged in Count Three does require an overt act, *see* First Circuit Pattern Criminal Jury Instruction, § 4.18.371(1), it is misleading to suggest that the basic elements of conspiracy include that element.  Accordingly, the government respectfully requests that the Court charge the jury

based on its proposed instructions regarding the basic elements of conspiracy, and include the overt act element only where it is actually required – in charging the jury on Count Three.

### Response to Proposed Instruction #47 – Conspiracy: First Element – Agreement

The government objects to the defendant's proposed instruction, and as stated above, the government respectfully requests that the Court charge the jury based on its proposed instructions regarding the basic elements of conspiracy, as the government's proposed instructions more closely track well-established pattern instructions. For example, while mere similarity of conduct may not be sufficient, standing alone, to establish the existence of a conspiracy, the Court should instruct the jury that it is relevant and may be considered in determining whether the charged conspiracies existed. *See* Pattern Crim. Jury Instr. 1st Cir., § 4.18.371; *see also* Dkt. 1056 at 17. In addition, if the Court is inclined to instruct the jury that Singer, once he began cooperating with the government, no longer could be considered a co-conspirator, the Court should further instruct the jury that (1) the Indictment alleges an overarching conspiracy which includes Singer, the defendant, and others; (2) the Indictment alleges that the defendant and other co-conspirators remained a part of the continuing conspiracy after Singer began cooperating with the government; (3) the rule that government agents do not count as co-conspirators has relevance only in situations where the conspiracy involves only one defendant and a government agent; and (4) therefore, Singer's participation as a government agent does not negate the existence of the charged conspiracy nor make it any less a violation of the law. *See United States v. Portela*, 167 F.3d 687, 700 n.8 (1st Cir. 1999); *United States v. Cordero*, 668 F.2d 32, 43 (1st Cir. 1981).

For example, the Court in *Abdelaziz* gave the following instruction on this issue:

> A conspiracy requires at least two conspirators. When a co-conspirator becomes a government informant, from that point forward he can no longer "count" as a conspirator. Therefore, an agreement between only an informant and one other individual does not constitute a conspiracy. If the informant and that other individual had entered a conspiracy before the informant began cooperating with

the government, the informant's later cooperation does not change that fact, and any actions predating the informant's cooperation may, if you find by the facts proved, be attributed to that conspiracy.

Recall, however, that the Indictment charges [the] defendant[] with participation in two overarching conspiracies comprised of numerous participants: the [honest services] fraud conspiracy charged in Count [Two], and the bribery conspiracy charged in Count [Three].

*Abdelaziz*, Dkt. 1056-1 at 26.

### <u>Response to Proposed Instruction #48 – Conspiracy: First Element – Conspiracies Alleged in the Indictment</u>

The government objects to defendant's proposed instruction, which is repetitive, argumentative, untethered to First Circuit pattern instructions, and duplicative of his proposed multiple conspiracies instruction (addressed below). The evidence presented at trial will show that the defendant participated in a single overarching conspiracy. A multiple conspiracy instruction is therefore unwarranted. *See United States v. Brandon*, 17 F.3d 409, 449 (1st Cir. 1994) (a multiple conspiracy instruction should be provided only if "on the evidence adduced at trial, a reasonable jury could find more than one such illicit agreement, or could find an agreement different from the one charged"). While it is proper to instruct the jury that the government must prove that the agreements specified in the Indictment, and not some other agreement or agreements, existed, there is no sound basis for instructing the jury, as the defendant requests, on "an open-ended conspiracy, as opposed to a narrow conspiracy." Likewise, the proposed instruction incorrectly suggests that the jury must find that the defendant conspired to defraud all of the specifically identified universities, that he conspired with the specific individuals named, and that he participated in the conspiracy for the full extent of the date range specified, though that is more than the law requires.

If the Court elects to give a multiple conspiracies instruction, it should give the one approved by the First Circuit: "[The government must prove] that the conspiracy specified in the

Indictment, and not some other agreement or agreements, existed at or about the time or times specified in the Indictment.  It is not enough that the government simply prove that some type of conspiracy existed, even one involving some of the alleged conspirators.  The proof, rather, must persuade you that the conspiracy proved is in fact the one alleged in the Indictment." *United States v. Bedini*, 861 F.3d 10, 17–18 (1st Cir. 2017); Pattern Crim. Jury Instr. 1st Cir., § 4.18.371, cmt. 5.  This instruction is substantially similar to the one given by the Court in *Abdelaziz*.  Dkt. 1056-1 at 25.

### Response to Proposed Instruction #49 – Conspiracy: First Element – Multiple Conspiracies

The government objects to defendant's proposed instruction, which is repetitive, argumentative, and untethered to First Circuit pattern instructions.  The evidence presented at trial will show that the defendant participated in a single overarching conspiracy. A multiple conspiracy instruction is therefore unwarranted.  *See Brandon*, 17 F.3d 409 at 449 (a multiple conspiracy instruction should be provided only if "on the evidence adduced at trial, a reasonable jury could find more than one such illicit agreement, or could find an agreement different from the one charged").  While it is proper to instruct the jury that the government must prove that the agreements specified in the Indictment, and not some other agreement or agreements, existed, there is no sound basis for instructing the jury on "an open-ended conspiracy, as opposed to a narrow conspiracy."

Even if the Court elects to give a multiple conspiracies instruction, the defendant's proposed instruction should not serve as a model.  There is no basis for instructing the jury on the factors that *courts* consider in evaluating the evidence of a single conspiracy, as opposed to multiple conspiracies.  Indeed, as set forth in the First Circuit pattern instructions, in *United States v. Bedini*, 861 F.3d 10 (1st Cir. 2017), the First Circuit found the following multiple conspiracy

instruction – devoid of any mention of common goal, overlap among participants, or interdependence – "substantively correct":

> That the conspiracy specified in the indictment, and not some other agreement or agreements, existed at or about the time or times specified in the indictment. It is not enough that the government simply prove that some type of conspiracy existed, even one involving some of the same alleged conspirators. The proof, rather, must persuade you that the conspiracy proved is in fact the one alleged in the indictment.

*Id.* at 17–18.  In short, whether a multiple conspiracy instruction is warranted is not a matter to be decided at this stage, and even if the Court ultimately finds that it is, the defendant's proposed instruction is incorrect.  Finally, the defendant's instructions on the issues that *courts* consider in deciding issues related to multiple conspiracies are wrong.  For example, he incorrectly asserts that the relevant interdependence inquiry is whether the defendant "*believed* that their activities were interdependent."  That is not the law.  The relevant inquiry regarding interdependence is "interdependence of various elements of the overall plan."  *United States v. Franco-Santiago*, 681 F.3d 1, 8 (1st Cir. 2012).[24]

In any event, the common goal, overlap, and interdependence factors of conspiracy are not "conclusive standing alone; instead, [courts] look to the totality of the evidence to see if it supports a finding of a single conspiracy," and "a general scheme may exist not withstanding variations in personnel and their roles over time," which is why courts *do not* instruct juries on the detail of these issues, instead electing to provide a more general, straight-forward multiple conspiracies instruction.  *United States v. Ciresi*, 697 F.3d 19, 26 (1st Cir. 2012).

---

[24] Likewise, his proposed instruction that "the government must prove that [the defendant] and at least one other alleged co-conspirator agreed to pursue the joint goal and overall plan of facilitating the admission of the at-issue students as recruited athletes, based on falsified credentials, to the at-issue universities," is simply wrong.  There is no requirement that the government prove that common goal among the conspirators of securing the admission of specific students.

The government is not aware of any case – and the defendant provides none – where this Court instructed a jury on legal issues such as overlap or interdependence.  For example, the standard multiple conspiracies instruction used by the Court in *United States v. Chan* was straightforward, tracking the one approved by the First Circuit in *Bedini* and recently given in *Abdelaziz*: the government must prove that "there was an agreement, as specified in the Indictment and not some other agreement, between at least two people . . . ."  *United States v. Chan*, 16-cr-10268-IT, Dkt. 414 at 83, *aff'd*, *United States v. Chan*, 981 F.3d 39, 53 (1st Cir. 2020) (noting that proof of single conspiracy charged is reviewed for evidentiary sufficiency, explaining that "a single conspiracy does not require the participants to have participated in each aspect of the conspiracy," rejecting the defendant's multiple conspiracies argument, and holding "there was sufficient evidence to prove a single conspiracy"); *see also United States v. Gibson*, No. 15-cr-10323-IT, 2017 WL 3271707, at *3 (D. Mass. Aug. 1, 2017) ("If the evidence is adequate to permit a reasonable trier of fact to find a single conspiracy beyond a reasonable doubt, it is the jury's finding that will resolve the issue.").

**<u>Response to Proposed Instruction #50 – Conspiracy: Second Element – Willfulness</u>**

The government objects to the defendant's proposed instruction, which is argumentative and repetitive.  The government respectfully requests that the Court give its proposed instruction on willfulness, which more closely tracks pattern instructions than does the defendant's proposed instruction, or, alternatively, give any instruction the Court customarily provides in this regard.

**<u>Response to Proposed Instruction #51 – Conspiracy: Second Element – Good Faith</u>**

For the reasons stated below, the government objects to a standalone "good faith" instruction and respectfully requests that the Court instead include "good faith" language in its general instructions on specific intent to defraud/knowing and willful conduct.  In any event, there

is no need to instruct on good faith more than once, and the defendant's requests to repetitively instruct on the issue – mentioning good faith 45 times – are misplaced.

**Response to Proposed Instruction #52 – Conspiracy: Second Element – Intent**

The government objects to defendant's proposed instruction. It is black-letter conspiracy law that the second element the government must prove is that the defendant knowingly and willfully joined in the charged conspiracy, for which the defendant elsewhere requests an instruction. There is no basis for a separate "intent" instruction in connection with the second element of the crime. Rather, the requirement that the government prove two types of intent should be articulated in instructing the jury on the meaning of "willfully," as it is in the First Circuit pattern instructions, in the government's proposed instructions, and in instructions previously given by this Court. *See, e.g.*, *United States v. Chan*, 16-cr-10268-IT, Dkt. 414 at 84 (instructing on the second element of conspiracy).

In addition, the defendant's second attempt to include a "narrow vs. broad" conspiracy instruction – here, embedded in its proposed instruction on intent – should be rejected for the reasons stated above.[25]

Further, there is no evidentiary or legal basis for instructing the jury in this case that a conspiracy requires more than a single illegal sale, or a mere buyer-seller relationship. The cases cited by the defendant in support of this proposed instruction are narcotics cases, and the defendant does not – because he cannot – explain why such an instruction is applicable here.

---

[25] His proposed instruction that the jury must find that he "at a minimum, have had knowledge or foresight of the multiple crimes before he can be convicted of agreeing to join that conspiracy" is also wrong to the extent that it suggests the government must prove that the defendant agreed to commit more than one object of the charged conspiracy to be guilty.

Accordingly, the government respectfully requests that the Court decline to instruct the jury based on the defendant's proposed instruction and instead give the standard, pattern instruction on willfulness/specific intent in charging the jury on the second element of conspiracy.

**Response to Proposed Instruction #53 – Conspiracy: Third Element – Overt Act**

As noted above, the First Circuit has not held that a conviction under 18 U.S.C. § 1349 requires an overt act in furtherance of the conspiracy. *See* First Circuit Pattern Criminal Jury Instruction, § 4.18.1349, cmt. 1; *see also Abdelaziz*, 10/5/2021 Trial Tr. at 10 ("I do not believe it is the law that an overt act[] must be proved [for a § 1349 conspiracy].").  It is therefore incorrect as a matter of law to instruct the jury that the government must prove commission of an overt act as a third element of the charged conspiracy in Count Two.   Accordingly, the government respectfully requests that the Court decline to reference commission of an overt act in instructing the jury on conspiracy generally and make clear in its instructions on the crimes charged that proof of an overt act is required to convict on Count Three but not on Count Two, as is made clear in the government's proposed instructions.

**Response to Proposed Instruction #54 – Conspiracy to Commit Honest Services Mail and Wire Fraud – Introduction**

The government objects to the defendant's proposed instruction – copied from the defendants' proposed instructions that were rejected in *Abdelaziz* – because, as an initial matter, the first three paragraphs of the instruction are confusing and repetitive of other instructions, and because the instructions reference specific co-conspirators by name. *See supra*.  The government's proposed instruction on honest services fraud accurately describes the honest services fraud statute and its interplay with the mail and wire fraud statutes.  Dkt. 1056 at 20.

More importantly, the government objects to the defendant's articulation of the elements of honest services mail and wire fraud. The defendant does not – because he cannot – cite any

support for his six-element model. Instead, he has cobbled together elements and legal definitions from various cases and other circuits' pattern instructions. The government's proposed instruction correctly states that under 18 U.S.C. § 1346, a "scheme to defraud" as set forth in the mail and wire fraud statutes includes a scheme to deprive another of the intangible right of honest services, and then sets forth the requisite elements. *See Abdelaziz*, Dkt. 1056-1 at 37–38 (Judge Gorton correctly instructing jury on the four elements of honest services fraud). Accordingly, the government respectfully requests that the Court instruct the jury on honest services fraud based on the government's proposed instruction and/or the Court's instruction in *Abdelaziz*.

### <u>Response to Proposed Instruction #55 – Honest Services Mail and Wire Fraud – First Element (Fiduciary Duty): University Employees</u>

The government objects to the defendant's proposed instruction for several reasons. First, it contends that employees do not owe a fiduciary duty to their employers, and that the issue is determined by state law. That is wrong. The Supreme Court has held, in the context of the honest services fraud statute, that the existence of a fiduciary relationship between employer and employee is "beyond dispute." *Skilling v. United States*, 561 U.S. 358, 407 n.41 (2010). Here, the defendant and other relevant co-conspirators were employees of the universities and therefore owed the universities a fiduciary duty. Every circuit court of appeals (except one) to address the issue has held that there is a uniform federal standard for fiduciary duties under 18 U.S.C. § 1346, and that an employee-employer relationship satisfies that standard.[26] The jury should be instructed

---

[26] The defendant's proposed instruction incorrectly assumes that state law governs the existence of a fiduciary relationship under the honest services statute. But the Supreme Court's opinion in *Skilling* notes that federal, not state, standards govern honest services fraud prosecutions, *see* 561 U.S. at 411–12 (stating that the Court's construction of the statute "establish[ed] a uniform national standard," and emphasizing that the statute draws its content from pre-*McNally* cases, which did not require a violation of state law, *see, e.g., United States v. Mandel*, 591 F.2d 1347, 1361 (4th Cir. 1979) (collecting cases), as well as from other federal statutes defining bribes and kickbacks), and a majority of courts of appeals, including the First Circuit, have so held, *see, e.g., United States v. Sawyer*, 85 F.3d 713, 726 (1st Cir. 1996) ("[P]roof

accordingly.  *See Abdelaziz*, Dkt. 1056-1 at 39 ("An employee owes a fiduciary duty to his or her employer.").

In addition, the government respectfully requests that the Court decline to instruct the jury that "the government must prove beyond a reasonable doubt that the university employees at issue here owed a fiduciary duty to their employer." The government must make no such showing to prove that the defendant *conspired* to commit honest services fraud and, with respect to substantive count, what matters is the defendant's *intent* to participate in a scheme to defraud the relevant entity of its right to the honest services of its employee.

### Response to Proposed Instruction #56 – Honest Services Mail and Wire Fraud – Second Element (Intent)

The government objects to the defendant's proposed instruction because it is repetitive and argumentative.  Further, the defendant's effort to insert yet another good faith instruction – and to present arguments he believes support a good faith defense through that instruction – should be rejected.  The government objects to the defendant's instruction that if the defendant "intended his actions to advance the interests of USC, then [the defendant] did not intend to cause loss of honest services."  That is not the law, the government is aware of no case holding as such, and in any event, such an instruction is more akin to an argument than a jury charge.  Likewise, the government objects to the instruction that if the defendant "had a good faith belief, even if mistaken, that USC welcomed, knew of, condoned, or provided tacit approval for, the conduct in

---

of a state law violation is not required for conviction of honest services fraud."); *United States v. Sawyer*, 239 F.3d 31, 41–42 (1st Cir. 2001) (reaffirming that "establishing honest services mail fraud under §1341 does not require proof of a violation of any state law" and collecting cases); *United States v. Weyhrauch*, 548 F.3d 1237, 1244 (9th Cir. 2008) (collecting cases and noting that "[t]he majority of circuits . . . have held that the meaning of 'honest services' is governed by a uniform federal standard inherent in §1346"), *vacated and remanded on other grounds*, 561 U.S. 476 (2010). The Fifth Circuit alone requires that state law be the source of the fiduciary duty allegedly breached. *See United States v. Brumley*, 116 F.3d 728, 734 (5th Cir. 1997) (*en banc*).

question, then [he] did not have an intent to defraud." This, too, is simply argument – as is the defendant's proposed instruction concerning alleged "deficiencies in the manner in which [USC] implemented and enforced its customs, policies, and practices." The defendant does not, because he cannot, provide a single case or pattern instruction where a court gave similarly argumentative instructions. Even the lone authority that the defendant relies on merely states that the employer's policies "may be considered by you to the extent that such evidence bears on the issue of whether or not [the defendant] formed the required intent to commit the crimes with which he is charged." *See United States v. Josleyn*, 99 F.3d 1182, 1194 (1st Cir. 1996). This is a matter properly left for argument by the parties, not the subject of a jury charge on the elements of the crime charged.

### Response to Proposed Instruction #57 – Honest Services Mail and Wire Fraud – Definition: "Official Act"

The government objects to defendant's proposed instruction because it is inconsistent with the law of honest services fraud and is needlessly confusing. As an initial matter, terms such as "fiduciary's capacity" or "fiduciary's place of trust" are vague, and the explication is awkward given the facts in this case. More importantly, the language proposed by the defendant is far narrower than the standard articulated in *McDonnell* and misstates the law in the First Circuit.

In *McDonnell,* the Supreme Court recognized that the "decision or action" which constitutes an official act may include using an official position to exert pressure on another official to perform an "official act," or to advise another official, knowing or intending that such advice will form the basis for an "official act." *McDonnell v. United States*, 136 S. Ct. 2355, 2372 (2016). Subsequent applications of this standard, including in the First Circuit, have recognized that while setting up a meeting or organizing an event does not constitute an official act on its own, "[b]ribery can be accomplished through an ongoing course of conduct, so long as the evidence shows that the "favors and gifts flowing to a public official [are] in exchange for a pattern of official actions

favorable to the donor." *Woodward v. United States*, 905 F.3d 40, 46 (1st Cir. 2018). *See also United States v. Lee*, 919 F.3d 340, 351 (6th Cir. 2019) (finding an official could be culpable for using their position to provide advice to another official, knowing or intending that such advice to form the basis for an "official act").

An official act "is a decision or action on a question, matter, cause, suit, proceeding or controversy," and "may include" an employee using their "position to exert pressure on *another* official to perform an 'official act,' or to advise another official, knowing or intending that such advice will form the basis for an 'official act' by another official." *McDonnell*, 136 S. Ct. at 2371–72 (emphasis in original). The defendant's proposed language asks the Court to depart from precedent and adopt an overly narrow (and argumentative) definition of what constitutes an "official act." The statement that "simply expressing support for an official act—such as recommending an applicant for admission, advocating for an applicant, or even engaging in puffery with regard to that applicant—is not an official act," is pure argument that finds no basis in the case law of this Circuit and that flatly contravenes the principle established in *McDonnell*. *See McDonnell*, 136 S. Ct. at 2371–72; *Woodward v. United States*, 905 F.3d 40, 48 (1st Cir. 2018) ("carrying" or guiding a bill through the legislative process "qualifies as an official act"); *see also United States v. Henderson*, 2 F.4th 593, 599–600 (6th Cir. 2021) (prison guard who accepted bribes in exchange for smuggling contraband agreed to commit official act by lying to disciplinary board); *United States v. Fattah*, 914 F.3d 112, 157 (3d Cir. 2019) ("Official acts need not be momentous decisions—or even notable ones," and concluding that hiring "part-time, short term" employee was an official act).

Further, it is sufficient if the defendant agreed to use his "position to exert pressure on *another* official to perform an 'official act,' or to advise another official, knowing or intending that

such advice will form the basis for an 'official act' by another official." *See McDonnell*, 136 S.

Ct. at 2372.  As the Supreme Court held in *McDonnell*, "advising [another official], contrary to

the truth, that the facts of the case warranted [a certain outcome]" was a "decision or action [that]

fits neatly within our understanding of [official action]" because it "reflected a decision or action

to advise another official *on* the pending question." *Id.* at 2371; *United States v. Percoco*, 13 F.4th

180, 200 (2d Cir. 2021) (official act for executive branch aide to "push" another public official to

take action, and rejecting defendant's argument that he merely "set up meetings"); *United States

v. Repak*, 852 F.3d 230, 254 (3d Cir. 2017) (official act for executive director of organization to

"make[] recommendations" to organization's board of directors regarding which contractors

should receive grants, in exchange for bribes from contractor).

Accordingly, the government respectfully requests that the Court decline to accept the

defendant's proposed definition of "official act" and instead instruct the jury based on a more

straight-forward paraphrase of *McDonnell*, such as how the Court instructed the jury in *Abdelaziz*:

> An official act is a decision or action, or an agreement to make a decision or take
> an action, on any matter within the scope of the employee's duties.  The matter
> must be specific and focused and involve a formal exercise of the organization's
> power.  A decision or action constituting an official act may include using one's
> official position to exert pressure on another official to perform an official act, or
> advise another official knowing that such advice will form the basis for an official
> act.

*Abdelaziz*, Dkt. 1056-1 at 41.

### Response to Proposed Instruction #58 – Honest Services Mail and Wire Fraud – Third Element (Bribes and Kickbacks)

The government objects to the defendant's proposed instruction.  Specifically, the

defendant's definition of a bribe or kickback as anything of value "which is provided, directly or

indirectly, *personally* to an employee," is incorrect as a matter of law and contrary to this Court's

prior rulings.  Dkt. 733 at 3 ("The requirement that the government prove a 'private payment' or

'private gain' does not foreclose . . . a scenario where the Defendant agreed to have bribes paid to university accounts so long as the government proves that the defendant entered into a *corrupt or illegitimate* agreement to receive something 'of value' where a thing of value is defined broadly to include the value which the defendant subjectively attaches to the items received."); *United States v. Sidoo*, 468 F. Supp. 3d 428, 445 (D. Mass. 2020) ("Even if the victim, in this case the university, ends up profiting as a result of a [bribery] scheme, there still exists actionable harm 'in the denial of that party's right to the offender's honest services," and "[t]hat the payments made by defendants eventually went to USC does not thereby preclude such payments from constituting bribes.").  Accordingly, the Court should instruct the jury based on the government's proposed instruction and the Court's straight-forward instruction in *Abdelaziz*.  *See Abdelaziz*, Dkt. 1056-1 at 40.

### Response to Proposed Instruction #59 – "Induce" and "Illicit Quid Pro Quo"

The government objects to the defendant's proposed instruction, which is argumentative, needlessly repetitive, and not based on any model or pattern jury instructions.[27]  The Court should give a simple, straight-forward jury charge on the definition of *quid pro quo* (*e.g.*, Dkt. 1056 at 24–25) and the requisite intent, and the defendant may then argue from that instruction and the evidence.  For example, the Court in *Abdelaziz* provided the following simple instruction: "A bribe is simply a payment or other benefit given in exchange for an employee's provision of influence or favorable treatment from his employer."  *Abdelaziz*, Dkt. 1056-1 at 40.

---

[27] For example, the defendant's proposed instruction that "[i]t is not sufficient that the thing of value is given as a gesture," finds no support in the cases the defendant cites.  This is simply language the defendant inserted into the proposed instruction to track an out-of-context snippet of an FBI report he has repeatedly cited in his briefs.

In bribery cases, courts have declined to adopt argumentative "friendship" or "goodwill" instructions based on out-of-context citations to the Supreme Court's distinction between legal and illegal gratuities in *United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398 (1999).  *See, e.g.*, *United States v. McNair*, 605 F.3d 1152, 1195 (11th Cir. 2010) (rejecting defendant's proposed instruction: "A finding that a gift was made or accepted with corrupt intent necessarily excludes friendship and goodwill gifts.").  As the Second Circuit correctly explained in *Ganim*:

> Nor is there any principled reason to extend *Sun–Diamond's* holding beyond the illegal gratuity context.  Undergirding the Court's decision in *Sun–Diamond* was a need to distinguish legal gratuities (given to curry favor because of an official's position) from illegal gratuities (given because of a specific act).  The Court offered a strictly worded requirement that the government show a link to a "specific official act" to supply a limiting principle that would distinguish an illegal gratuity from a legal one.  The same limiting principle is not needed in the extortion or bribery contexts, however, because it is the requirement of an intent to perform an act in exchange for a benefit—i.e., the *quid pro quo* agreement—that distinguishes those crimes from both legal and illegal gratuities.  *See United States v. Alfisi*, 308 F.3d 144, 149–52 (2d Cir.2002) (declining to extend *Sun–Diamond*'s holding to bribery statutes which contains the element of a quid pro quo or a direct exchange).

*United States v. Ganim*, 510 F.3d 134, 146–47 (2d Cir. 2007); *see also United States v. Ring*, 706 F.3d 460, 467 (D.C. Cir. 2013) (explaining that instructing on *quid pro quo* and corrupt intent "preserves the distinction between bribery and gratuity").

### Response to Proposed Instruction #60 – "Corrupt Intent"

The government objects to the defendant's proposed instruction regarding "corrupt intent" in the context of Count Two because it conflates the requisite intent for honest services fraud and federal programs bribery.  *Compare Abdelaziz*, Dkt. 1056-1 at 38–40 (instructing on knowing and willful intent necessary to prove honest services fraud), *with id.* at 45 (instructing on corrupt intent in the context of federal programs bribery).

Nevertheless, the government provides its objections to the defendant's repetitive and argumentative three-page definition of "corrupt intent" here because he does not define it again in

the context of Count Three.  The government objects to the defendant's instruction because it is confusing, duplicative, and relies on precedent that has been reversed.[28]   The government specifically objects to the instruction that "corruptly means that [the defendant] understood that he or she was engaging in unlawful bribery."  That language is not found in any circuit's model jury instructions, and the pattern instructions proposed by the government succinctly and correctly describe corrupt intent: "To act corruptly means simply to act voluntarily and intentionally with an improper motive or purpose . . . [t]his involves conscious wrongdoing, or as it has sometimes been expressed, a bad or evil state of mind."[29]   *See also Abdelaziz*, Dkt. 1056-1 at 45 ("To act corruptly means simply to act voluntarily and intentionally with an improper motive . . . .").

The government also objects to the defendant's proposed good faith instruction, not only for the reasons discussed elsewhere in these objections, *see supra*,[30] but also because it has been rejected by the defendant's own authorities:

> It is enough for the instruction to cover the mental elements required by each statute. That a given defendant wants to apply the phrase "good faith" to the lack of essential knowledge or intent does not imply the need for a separate instruction; a jury's task is hard enough as it is without using multiple phrases to cover the same subject. These instructions defined the statutes' *mens rea* elements correctly; no more was required. . . . ***The "good faith" argument is just a stalking horse for the contention that the quid pro quo must be stated explicitly and cannot be implied from hints and nudges; as we have rejected that contention directly, it cannot be resuscitated in the form of a "good faith" instruction untethered from statutory language.***

---

[28] *See United States v. Bravo-Fernandez*, Case No. 10-cr-00232-FAB-1, *rev'd United States v. Bravo-Fernandez*, 913 F.3d 244 (1st Cir. 2019).

[29] *See* L. Sand et al., Modern Federal Jury Instructions (Crim.), Instr. 27A.03 (2021); Third Circuit Model Criminal Jury Instructions, § 6.18.666A2-2; *see also United States v. Bonito*, 57 F.3d 167, 171 (2d Cir. 1995).

[30] *See, e.g.*, *United States v. Camuti*, 78 F.3d 738, 744 (1st Cir. 1996) (explaining that where the court adequately instructs the jury on the required *mens rea*, it is well-established that "a separate instruction on good faith is not required," and collecting cases).

*United States v. Blagojevich*, 794 F.3d 729, 738–39 (7th Cir. 2015) (emphasis added).

**<u>Response to Proposed Instruction #61 – Not a "Bribe or Kickback"</u>**

The government objects to the defendant's proposed instruction concerning what is *not* a bribe or kickback.  The proposed instruction is repetitive and argumentative, and includes citations to news articles and press conferences.  There is also no need for an instruction concerning what is *not* a bribe.  It is for the jury to determine whether the facts as proven at trial meet the test for what *is* a bribe.  The government has previously explained why the Court should not instruct the jury regarding gratuities, gifts, or "gestures . . . of goodwill."  *See supra*.  The defendant provides not a single pattern instruction – anywhere – or any instructions from this Court endorsing such argumentative instructions, and the Court should reject the defendant's attempt to inject unprecedented argumentative instructions into the Court's charge.

Further, the defendant's proposed gratuity instruction – that "a payment made to reward the payee for an act that he will take (and may have already determined to take), or for a past act that he has taken, is not a bribe or a kickback" – is incorrect, as, "[t]he core difference between a bribe and a gratuity is not the time the illegal payment is made, but the *quid pro quo*, or the agreement to exchange a thing of value for [] action."  *United States v. Fernandez*, 722 F.3d 1, 19 (1st Cir. 2013); *see also Abdelaziz*, Dkt. 1334 at 28 ("the relevant question [in discerning the difference between a gratuity and a bribe] is the 'timing of the *agreement to make or receive a payment*") (quoting *Fernandez*, 722 F.3d at 19) (emphasis in *Fernandez*).

Finally, the defendant's proposed instruction that "a payment to the entity allegedly being defrauded . . . to be used for the benefit of that entity, is not a bribe or kickback," is incorrect and directly at odds with the law of this case.  As noted above, this Court has already held that the fact that some payments went to USC does not preclude them from being bribes. As the Court

explained, "the requirement that the government prove a 'private payment' or 'private gain' does not foreclose . . . a scenario where the Defendant agreed to have bribes paid to university accounts so long as the government proves that the defendant entered into a corrupt or illegitimate agreement to receive something 'of value' where 'a thing of value is defined broadly to include the value which the defendant subjectively attaches to the items received." Dkt. 733 at 3; *see also Abdelaziz*, Dkt. 1334 at 27 ("Payments made to accounts controlled by university insiders, even if such payments were ultimately received by the universities, may still constitute a benefit to those insiders who exercise control over the accounts.").

**Response to Proposed Instruction 62 – "Quid Pro Quo" Donations to Universities**

The government objects to the defendant's proposed instruction on the grounds that it has no basis in the charges that the defendant faces, the law of this circuit, or the law of this case, is argumentative, and is supported by citations to media articles.

**Response to Proposed Instruction #63 – USC's Customs, Practices, and Policies**

The government objects to the defendant's proposed instruction on the basis that it is repetitive, argumentative, and legally unsupported.  It is unnecessary to provide another, separate instruction directing how a jury may determine intent in the context of honest services fraud, and to do so would confuse the jury. As with the defendant's proposed instruction regarding university donations, this proposed instruction cites no model instruction (from any circuit); in fact, the defendant cites no legal support whatsoever. Moreover, the defendant's proposed instruction reflects yet another attempt to present his arguments to the jury through the Court's instructions on applicable law, which is improper.

Further, the defendant's effort to insert yet another good faith instruction – and to present arguments he believes support a good faith defense through that instruction – should be rejected.

The defendant is free to present evidence regarding his intent, just as he is free to argue from that evidence. But he may not do so through jury instructions.

### Response to Proposed Instruction #64 – Honest Services Mail and Wire Fraud – Fourth Element (Intent to Deceive)

The government objects to the defendant's proposed instruction. Aside from the second sentence, which tracks pattern instructions, the proposed instruction is argumentative and without any legal basis. In support of his proposed instruction that a misstatement cannot be material "[i]f the alleged victim would have made the same decision if it knew the true facts," the defendant cites a single Fifth Circuit case that addresses materiality, not in the context of mail or wire fraud, but under 18 U.S.C. § 1014. *See United States v. Williams*, 12 F.3d 452, 456 (5th Cir. 1994) (noting that statutes like Section 1014 – which makes it illegal to make a false, material statement to a federally insured banking institution – are "highly penal" and thus require that the essential element of materiality "be taken seriously"), *abrogated by United States v. Wells*, 519 U.S. 482 (1997); *see also id.* ("the severe penalties flowing from a conviction for making a false statement require the government 'to make a reasonable showing of the potential effects of the statement'") (citing *United States v. Beer*, 518 F.2d 168, 172 (5th Cir. 1975)).

In short, the defendant's proposed instruction flouts the law applicable here, that to prove materiality under the mail and wire fraud statutes, "the government need only show that the false statement had a natural tendency to influence, or was capable of influencing its target's decision." *United States v. Cadden*, 965 F.3d 1, 12 (1st Cir. 2020) (citation and internal quotation marks omitted). Accordingly, the government respectfully requests that the Court instruct the jury based on its proposed instruction on materiality, which accurately reflects this well-settled law and pattern instructions. *See Abdelaziz*, Dkt. 1056-1 at 32 ("A fact or matter is 'material' if it has a natural tendency to influence or be capable of influencing the decision of the decision-maker to

whom it was addressed . . . [and] the government need not prove that anyone actually relied on the statement or omission.").

### Response to Proposed Instruction #65 – "Intent to Deceive" Falsified Athletic Profiles

The government objects to the defendant's proposed instruction on the basis that it is repetitive, argumentative, improperly attempts to add another intent element to the government's burden of proof, and seeks to reduce the charged conspiracy to one focusing on falsified athletic profiles. The use of athletic credentials was *one* of multiple alleged means by which the conspirators pursed the charged fraud – but it was not the only one. *See* SSI ¶ 105(a). For example, the Indictment alleges that the defendant participated in the charged conspiracy with respect to USC Applicant 3 – agreeing with Singer to "recruit" a non-qualified water polo player in exchange for money without knowing anything about her – even though the evidence will show that he never received her falsified athletic profile. SSI ¶¶ 45–46. It is unnecessary to provide another, separate instruction on intent in explaining the elements of honest services fraud, cabined to one manner and means of the charged conspiracy, and to do so would confuse the jury. Moreover, the defendant's proposed instruction reflects another attempt to present his arguments to the jury through the Court's instructions on applicable law.

### Response to Proposed Instruction #66 – "Intent to Deceive" by Omission (If Applicable)

The government objects to the defendant's proposed instruction on the basis that it is repetitive and argumentative, and again seeks to raise the government's burden of proof by adding another intent element. The government is unaware of any pattern instruction for honest services fraud that provides another separate instruction on materiality by omission in explaining the elements of honest services fraud, and to do so would confuse the jury. *See Abdelaziz*, Dkt. 1056-1 at 38.

**Response to Proposed Instruction #67 – Honest Services Mail and Wire Fraud – Fifth Element (Foreseeable Harm)**

The government objects to the defendant's various instructions on foreseeable harm because they misstate the law after *Skilling v. United States*, 561 U.S. 358 (2010).  The defendant's request, copied from the defendants' request in *Abdelaziz*, should be rejected.  *See United States v. Abdelaziz*, 10/5/2021 Trial Tr. at 14 ("[F]oreseeable harm.  We do not give this request because this is not a correct statement of the law and because foreseeable harm is not an element of the crime charged [under *Skilling*].").

In *Skilling*, the Supreme Court explicitly recognized 18 U.S.C. § 1346's "application to state and local corruption and to private sector fraud" and explained that overlap with other federal statutes did not render the statute superfluous. 561 U.S. at 413 n.45.  The defendant incorrectly imports a pre-*Skilling* theory that in the private sector context, deprivation of the intangible right of honest services requires foreseeable tangible harm. Nothing in the statute supports that additional requirement.  As the Seventh Circuit has explained, "[I]t is contradictory to require the government to show actual or intended tangible harm when the crime being prosecuted is defined as causing or intending to cause intangible harm. [Such a] proposed construction would not only be contrary to the plain language of the statute but would also mean that § 1346 is superfluous, as fraudulent schemes causing tangible harm are covered under § 1341."  *United States v. Nayak*, 769 F.3d 978, 982 (7th Cir. 2014).

Moreover, First Circuit case law has long recognized that a scheme to defraud may contemplate "either some 'articulable harm' befalling the fraud victim or 'some gainful use' of the object of the fraudulent scheme by the perpetrator, regardless of whether this use is profitable in the economic sense." *United States v. Rosen*, 130 F.3d 5, 9 (1st Cir. 1997) (quoting *United States v. Czubinski*, 106 F.3d 1069, 1074–75 (1st Cir. 1997)). In *Skilling*, the Supreme Court agreed,

citing as core honest services fraud cases in which "[w]hile the offender profited, the betrayed party suffered no deprivation of money or property; instead, a third party, who had not been deceived, provided the enrichment," and the Court recognized that honest services fraud reached bribery schemes that "occasioned a money or property gain for the betrayed party," because "actionable harm lay in the denial of that party's right to the offender's 'honest services.'" 561 U.S. at 363.

The defendant's proposed instruction would thus import into honest services law a requirement that *Skilling* renders superfluous.

**Response to Proposed Instruction #68 – Honest Services Mail and Wire Fraud – Sixth Element (Use of Mail or Wires)**

The government respectfully objects to the defendant's proposed instruction and submits that it is repetitive, confusing, and incorrectly suggests that the defendant must be responsible for the interstate wire or mailing.  The government submits that the Court should rely on First Circuit pattern instructions.  *See* Pattern Crim. Jury Instr. 1st Cir., § 4.18.1343 ("There is no requirement that the defendant himself was responsible for the wire communication, that the wire communication itself was fraudulent or that the use of wire communications facilities in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud.").

**Response to Proposed Instruction #69 – Count Two: Conspiracy to Commit Honest Services and Mail Fraud: Defense of Pure Legal Impossibility**

The government objects to the defendant's proposed legal impossibility instruction, which the Court should summarily reject, as the Court did in *Abdelaziz*.  *See* 10/6/2021 Trial Tr. at 8 ("[T]he Court will not instruct on pure legal impossibility because such an instruction is not warranted in light of the charges and the evidence in this case.").  The defendant provides not a single case – anywhere – where a court instructed a jury on legal impossibility, and his sole citation to the doctrine at all in this district is a decision granting a Rule 29 motion after a jury verdict,

which the First Circuit recently reversed.  *United States v. Conigliaro*, 384 F. Supp. 3d 145, 147 (D. Mass. 2019), *rev'd and remanded sub nom. United States v. Carter*, 15 F.4th 26 (1st Cir. 2021). It is not even clear, from his proposed instruction, *why* the defendant would argue the object of the conspiracy charged in Count Two was legally impossible, and the Court has previously denied the defendant's motion to dismiss.

### Response to Proposed Instruction #70 – Count Three: Conspiracy to Commit Federal Programs Bribery: Introduction

The government objects to the defendant's proposed instruction, "Since Count III requires you to prove that [the defendant] agreed to the commission of conduct that actually constituted the underlying crime of federal programs bribery . . ." because it suggests that the predicate crime needs to be committed in order for the conspiracy charged in Count Three to be proven.  The government respectfully submits that the language from the First Circuit pattern instructions – and the language submitted by the government – is more appropriate.  *See* First Circuit Pattern Criminal Jury Instruction, § 4.18.371 ("The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime and the commission of one overt act.").  The government also objects to the defendant's proposed instruction insofar as it suggests that "you" – the jury – must "prove" anything.

The government further objects to the defendant's proposed instruction that, to find federal programs bribery, the government must prove that "the person gives, offers, or agrees to give a thing of value to another person *that constitutes a bribe*."  Neither set of model jury instructions cited by the defendant – from the Eighth and Eleventh Circuits – includes language in the elements of the charge specifying that the "thing of value" given must "constitute[] a bribe," and the government is not aware of any pattern instructions that contain such language in reciting the

elements of federal programs bribery.[31]  The government incorporates by reference its objections to the defendant's proposed definitions of *quid pro quo*, corrupt intent, a bribe, and official act, which he does not repeat in the context of Count Three.

The government also objects to the defendant's presupposition that federal programs bribery requires an official act.  As explained below, that is not the law.

Consistent with the text of 18 U.S.C. § 666, every court of appeals to address the issue, in the wake of the Supreme Court's decision in *McDonnell v. United States*, 136 S. Ct. 2355 (2016), has held that federal programs bribery under that statute, unlike 18 U.S.C. § 201, does not require an official act.  *See, e.g.*, *United States v. Percoco*, 13 F.4th 180, 190 n.2 (2d Cir. 2021) ("[A]s we have repeatedly explained, McDonnell's 'official act' standard for the quo component of bribery as proscribed in § 201 does not apply to the more expansive language of § 666."); *accord United States v. Roberson*, 998 F.3d 1237, 1247 (11th Cir. 2021) ("Consistent with the views of our sister Circuits, we hold that *McDonnell* does not disturb this court's holding . . . and we do not read into section 666 limitations unsupported by the language of the statute."); *United States v. Ng Lap Seng*, 934 F.3d 110, 133 (2d Cir. 2019) (same); *United States v. Porter*, 886 F.3d 562, 565–66 (6th Cir. 2018) (holding that "[i]n *McDonnell*, the Supreme Court limited the interpretation of the term 'official act' as it appears in § 201, an entirely different statute than [§ 666]"); *cf. United States v. Maggio*, 862 F.3d 642, 646 n.8 (8th Cir. 2017) (explaining that *McDonnell* "had nothing to do with § 666").

For example, in the wake of the Second Circuit's decision in *Ng Lap Seng*, the defendant filed a petition for a writ of certiorari.  Responding in June 2020, the Office of the Solicitor General

---

[31] Eighth Circuit Model Instructions, § 6.18.666C; Eleventh Circuit Model Instructions, § O24.3.

argued that Section 666 does not require an official act: "Unlike Section 201, neither Section 666 nor the FCPA specifically refers to an 'official act.' Nor does a circuit conflict exist on whether either requires proof of one. Rather, the courts of appeals that have addressed the issue have held that they do not." *Ng Lap Seng v. United States*, Brief of the United States, 2020 WL 3027671, at *13 (June 2020) (collecting cases).  The Solicitor General further noted that the Supreme Court "has previously denied petitions for writs of certiorari presenting the question whether Section 666 requires proof of an 'official act.'" *Id.* at *12.  Later in June 2020, the Supreme Court denied the petition.  *See Ng Lap Seng v. United States*, 141 S. Ct. 161 (2020).

The Court in *Abdelaziz* correctly did not instruct the jury on an official act in the context of federal programs bribery.  Dkt. 1056-1 at 43–45.

In sum, the government respectfully submits that the Court should give the more straightforward, less argumentative jury charge regarding the elements of federal programs bribery that the Court gave in *Abdelaziz*.  Dkt. 1056-1 at 43–44.

### Response to Proposed Instruction #71 – Count Sixteen: Honest Services Wire Fraud and Aiding and Abetting: Introduction

The government objects to the defendant's proposed instruction because it cites the wrong statute, 18 U.S.C. § 1341, rather than 18 U.S.C. § 1343.  Further, the government has not requested that the Court instruct the jury on an aiding and abetting theory.

### Response to Proposed Instruction #72 – Count Sixteen: Honest Services Wire Fraud – Elements

The government incorporates by reference its objections to the defendant's proposed instructions regarding the elements of honest services wire fraud, and the government further objects to the defendant's request for yet another argumentative instruction regarding good faith. *See supra.*  The government also objects to the defendant's proposed instruction regarding factual impossibility.  *See infra.*

43

**Response to Proposed Instruction #73 – Count Sixteen: Aiding and Abetting**

The government objects to the defendant's multi-page instruction on aiding and abetting liability because the government is not requesting that the Court instruct on an aiding and abetting theory as to Count Sixteen.

**Response to Proposed Instruction #74 – Factual Impossibility**

The defendant asks the Court to instruct the jury on "factual impossibility" with respect to the charges of conspiracy to commit honest services mail and wire fraud, conspiracy to commit federal programs bribery, and honest services wire fraud. The Court should reject the defendant's request because it is contrary to well-established precedent.

As the Court repeatedly held in *Abdelaziz* based on First Circuit precedent, factual impossibility is not a cognizable defense to conspiracy or to honest services fraud. "The First Circuit has long held that conduct that falls short of a completed criminal objective may still be criminalized and therefore factual impossibility is not a defense to crimes such as conspiracy or attempt." *See, e.g.*, *United States v. Colburn*, 475 F. Supp. 3d 18, 25 (D. Mass. 2020) (collecting cases, and noting that the defendant in that case even "concede[d] that factual impossibility is not a defense to conspiracy charges). Further, "because wire fraud . . . require[s] proof of intent to defraud . . . but neither requires that the fraud . . . accomplish the intended goal . . . wire fraud . . . does not depend on the achievement of its ends," and thus there is no cognizable factual impossibility defense. *Id.* at 26. *See also Abdelaziz*, 10/5/2021 Trial Tr. at 34–35 ("This Court has previously ruled that impossibility is not a defense to the substantive fraud or bribery counts . . . .").

Numerous courts have upheld wire fraud and honest services wire fraud convictions arising out of sting operations, including in the face of claims of factual impossibility. *See, e.g.*, *United States v. Prange*, 771 F.3d 17 (1st Cir. 2014) (affirming convictions for substantive wire fraud in

44

connection with sting operation in which FBI agent posed as a corrupt hedge fund manager); *see also United States v. Su*, 633 F. App'x 635, 637 (9th Cir. 2015) (holding that factual impossibility is not a defense to wire fraud); *United States v. Brown*, 521 F. App'x 323, 326 (5th Cir. 2013) (affirming convictions for mail and wire fraud in context of sting operation that "simply provide[d] the opportunity to commit a crime"); *United States v. Potter*, 463 F.3d 9, 22 (1st Cir. 2006) (affirming convictions for wire fraud in connection with scheme to bribe legislator, where "all that mattered for the crimes charged was whether the defendants believed that [the legislator] possessed such power" to affect legislation in favor of defendants, "it would not matter if their belief as to [the legislator's] power were mistaken," and thus, impossibility defense could not have succeeded) (emphasis in original); *United States v. Santiago*, 977 F.2d 517, 526 (10th Cir. 1992) (affirming conviction for substantive wire fraud, even though "police intervened to prevent [defendant's] attempted fraud, [and] it could not have reached fruition").

The defendant's proposed factual impossibility defense is unprecedented for the charges he faces, and it should be rejected.

### Response to Proposed Instruction #75 – Collective Knowledge Doctrine

The government objects to the defendant's proposed instruction because it is inconsistent with the law of honest services fraud and with the conspiracy charges in this case. As the Court concluded in rejecting an identical proposed instruction in *Abdelaziz*: "This instruction effectively eliminates private sector honest services fraud in contravention of the Supreme Court decision in *Skilling* because it imputes fraud of the employee to the employer." *Abdelaziz*, 10/5/2021 Trial Tr. at 9.

First, the defendant's request for an instruction regarding collective knowledge would invalidate honest services fraud as applied to employees of private entities. In *Skilling v. United States*, 561 U.S. 358 (2010), the Supreme Court expressly defined honest services fraud to apply

to agents who accept a bribe in relation to their official duties.  561 U.S. at 400; *see also id*. at 401

(noting that over time court recognized that "'a recreant employee'—public or private—'c[ould]

be prosecuted . . . if he breache[d] his allegiance to his employer by accepting bribes or kickbacks

in the course of his employment.") (quoting *United States v. McNeive*, 536 F.2d 1245, 1249 (8th

Cir. 1976)). The Court further explained that its holding drew on federal statutes prohibiting

similar crimes, such as 18 U.S.C. § 666(a)(2). That statute, which is the underlying offense in the

conspiracy charged in Count Two, prohibits bribing an agent of an organization "in connection

with any business of such organization," again assuming that the agent will act within the scope

of his or her agency as the result of having received the bribe. 18 U.S.C. § 666(a)(2). If the

defendant's proposed instruction were valid, an employee of a private corporation could never be

convicted of honest services fraud because the corporation would be deemed as a matter of law to

know (and be accountable for) what the defrauding employee (or employees) was doing.[32]

Second, the defendant's instruction respecting collective knowledge of fundraising efforts

would incorrectly suggest to the jury that honest services fraud does not encompass actions

benefiting an organization. In *Skilling*, however, the Supreme Court recognized that honest

services fraud encompasses schemes in which a party is deprived of honest services but

nevertheless suffers no loss of property or even gains money or property.  561 U.S. at 400.

---

[32] The cases cited by the defendant in support of his theory are inapposite. Neither *United States v. Bank of New England, N.A.*, 821 F.2d 844 (1st Cir. 1987), nor *United States v. Potter*, 463 F.3d 9 (1st Cir. 2006), nor *United States v. Cincotta*, 689 F.2d 238 (1st Cir. 1982), holds that because a corporation can be liable for the acts of employees it cannot also be the victim of employees' crimes.  An instruction to that effect would nullify virtually all honest services fraud and most bribery schemes in the employer-employee context, as it would mean that employers are, as a matter of law, deemed to have the knowledge of their corrupt insiders, and thus cannot be defrauded by them. The government is aware of no case that goes so far.

Third, the "knowledge" of a fraud victim is, in any event, irrelevant in a fraud conspiracy, where the relevant issue is not what the victim knew, but what the defendant intended. *Cf. United States v. Brien*, 617 F.2d 299, 311 (1st Cir. 1980) ("If a scheme to defraud has been or is intended to be devised, it makes no difference whether the persons the schemers intended to defraud are gullible or skeptical, dull or bright. These are criminal statutes, not tort concepts. The only issue is whether there is a plan, scheme or artifice intended to defraud.").

Finally, the Court need not give additional instructions on the defendant's intent because the pertinent instruction on the law is already covered in instructions on willfulness and good faith.

### Response to Proposed Instruction #76 – Defense of Good Faith

The government objects to defendant's proposed instruction, as a standalone "good faith" instruction is not warranted.  In its proposed instructions, the government included a "good faith" instruction within the general instruction on knowing and willful conduct.  It is well-settled in the First Circuit that no more is required.  *See United States v. Camuti*, 78 F.3d 738, 744 (1st Cir. 1996) ("A separate instruction on good faith is not required in this circuit where the court adequately instructs on intent to defraud."); *United States v. Dockray*, 943 F.2d 152, 155 (1st Cir. 1991) ("[W]here the court properly instructs the jury on the element of intent to defraud— essentially the opposite of good faith—a separate instruction on good faith is not required."); *United States v. Berroa*, 856 F.3d 141, 161 (1st Cir. 2017) ("[T]he court told the jury that 'to establish specific intent, the Government must prove that the defendant knowingly did an act which the law forbids, purposely intending to violate the law.' Accordingly, no separate good faith instruction was required.").  *See also United States v. Bowling*, 2009 WL 6854970 fn. * (10th Cir. Dec. 23, 2009) (noting that "every one of our sister circuits has come to reject the idea that district courts must give a separate 'good faith' jury instruction in fraud cases").  Accordingly, the

government respectfully requests that the Court decline to give a separate "good faith" instruction, and instead include "good faith" language in its instruction on specific intent to defraud.

The government's proposal is consistent with how this Court has instructed on good faith in other cases, and how the Court instructed the jury in *Abdelaziz*. *See, e.g.*, *United States v. Chan*, 16-cr-10268-IT, Dkt. 414 at 97; *Abdelaziz*, Dkt. 1056-1 at 34.

### Response to Proposed Instruction #77 – Venue

The government does not object to the Court instructing the jury regarding venue, but the government respectfully objects to the multi-page, argumentative instruction the defendant proposes. The government further objects to the defendant's proposed instruction because it incorrectly suggests that there is an overt act element for Count Two. *See supra*. The government submits that the Court should adopt its proposed instruction regarding venue or follow the Court's simple venue instruction in *Abdelaziz*. *See Abdelaziz*, Dkt. 1056-1 at 26–27.

### Response to Proposed Instruction #78 – #83 – Deliberations and Verdict

The government respectfully submits that the Court should instruct the jury using the instructions it customarily gives on deliberations and verdicts. The defendant's proposed instruction regarding "reaching agreement" is unnecessary. The government objects to the defendant's proposed "each defendant separately instruction," which is unnecessary.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By: */s/ Ian J. Stearns*
LESLIE A. WRIGHT
IAN J. STEARNS
STEPHEN E. FRANK
Assistant United States Attorneys

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

By: */s/ Ian J. Stearns*
IAN J. STEARNS
Assistant United States Attorney