UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>JOVAN VAVIC,<br><br>     Defendant. | CRIMINAL NO.: 19-CR-10081-IT-MPK |

## JOVAN VAVIC 'S OBJECTIONS TO GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, and this Court's Scheduling Order, Jovan Vavic hereby responds to the government's Proposed Jury Instructions filed on January 25, 2022 (ECF No. 1056).  Coach Vavic's response to each of the government's Proposed Jury Instructions is attached as Exhibit A.

Dated: February 22, 2022

Respectfully submitted,

/s/ Stephen G. Larson
Stephen G. Larson
slarson@larsonllp.com
(Admitted *pro hac vice*)
Koren L. Bell
kbell@larsonllp.com
(Admitted *pro hac vice*)
Paul A. Rigali
prigali@larsonllp.com
(Admitted *pro hac vice*)
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
(213) 436-4888

Irwin B. Schwartz (BBO# 548763)
ischwartz@blaschwartz.com
Nicholas R. Cassie (BBO# 672698)
ncassie@blaschwartz.com
**BLA Schwartz, PC**
One University Ave., Suite 302B
Westwood, Massachusetts 02090
Phone: 781-636-5000 - Fax: 781-636-5090

*Counsel for JOVAN VAVIC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on February 22, 2022, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

/s/ Stephen G. Larson
Stephen G. Larson

# EXHIBIT A

1. **<u>Duty of the Jury to Find Facts and Follow Law (P. 1)</u>**

Coach Vavic does not object to this proposed instruction.

### 2. <u>Direct and Circumstantial Evidence (P. 2)</u>

Coach Vavic objects to this proposed instruction and requests that the Court instead give

Coach Vavic's proposed instruction, titled "Kinds of Evidence: Direct and Circumstantial,"

which is more appropriate for this case and supported by the cited authority.

### 3.  <u>**Charts and Summaries (P.3)**</u>

Coach Vavic does not object to this proposed instruction.

### 4.  <u>Stipulations (P.4)</u>

Coach Vavic does not object to this proposed instruction.

5. <u>**Caution as to Cooperating Witnesses (P. 5)**</u>

Coach Vavic objects to this proposed instruction and requests that the Court instead give Coach Vavic's proposed Instruction, titled "Caution as to Cooperating Witnesses," which is more appropriate for this case and supported by the cited authority.

**6.   "On or About" - Explained (P. 6)**

Coach Vavic does not object to this proposed instruction.

### 7.  **Motive (P. 7)**[1]

Coach Vavic objects to this proposed instruction and requests that the Court instead give Coach Vavic's proposed instructions, titled "Defense of Good Faith"; and titled "Conspiracy – Second Element: Willfulness".  The proposed instructions are more appropriate for this case and supported by the cited authority.  The government's proposed instruction is misleading and contrary to law.

In addition, to the extent the Court is inclined to give a standalone instruction on motive, Coach Vavic requests that the Court give the following instruction:

> As I have previously instructed, willfulness is a form of intent, and intent and motive are separate concepts.  Motive is what prompted a person to act or fail to act.  Intent refers to the state of mind with which the act is done.  The government need not prove Coach Vavic's motive, but it must prove his intent.

> Note, however, that if a person lacks a motive to do something, they are less likely to do it intentionally.  Thus, motive is relevant, and you may consider it in determining whether the government has proved intent beyond a reasonable doubt.

---

[1] *United States v. DeCicco*, Case No. 17-cr-10092-NMG, ECF No. 376, Jury Trial Transcript Day 7, at 92 (D. Mass. June 12, 2018); *United States v. Wilson*, 887 F.2d 69, 74-76 (5th Cir. 1989) (approving of an instruction in a case involving alleged tax misstatements explaining the relationship between motive and intent).

**8.   <u>Punishment (P. 8)</u>**[2]

Coach Vavic objects to this proposed instruction, which is misleading, and instead

requests that the Court give the following instruction:

> The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against Coach Vavic beyond a reasonable doubt.

---

[2] Ninth Circuit Model Criminal Jury Instructions, § 7.4.

### 9.  <u>Specific Investigative Techniques etc. (P. 9)</u>

Coach Vavic objects to this proposed instruction as inappropriate, misleading, and

contrary to law in numerous respects.

In addition, to the extent the Court is inclined to give a further instruction on government

investigative techniques, Coach Vavic requests that the Court give the following instruction:

> In general, it is lawful for the government to obtain evidence through a court-authorized wiretap; to use undercover agents, informants, and cooperators in its investigations; and to record a conversation between a government agent, informant, or cooperator and another person.

> Note, however, that while these procedures are generally lawful, the credibility and reliability of the evidence gathered pursuant to these procedures is a question for you, the jury, to determine.  As I have previously instructed, you are to consider all of the evidence in this case and give each item of evidence the weight you believe it deserves.[3]

---

[3] *See* Dkt. 939; Sand *et al., Modern Federal Jury Instructions: Criminal*, Instruction 5-11 (2021); *United States v. Straach*, 987 F.2d 232, 238 (5th Cir. 1993) (stating that the jury was entitled to determine for itself the credibility of the tape recording presented as evidence of illegal participation).

**10. <u>Recordings and Transcripts (P. 11)</u>**

Coach Vavic does not object to this proposed instruction.

### 11. <u>**Persons Not on Trial (P. 12)**</u>

Coach Vavic objects to this proposed instruction, which is misleading and legally incorrect as it relates to the "equal opportunity" to call witnesses  here, where a number of witnesses subpoenaed by Coach Vavic intend to invoke their Fifth Amendment rights and the government has declined to grant them immunity.  Coach Vavic requests that the Court instead give his proposed instructions, titled "Persons Not on Trial"; and titled "Missing Witness", which are more appropriate for this case and supported by the cited authority.

## 12. <u>Overview of the Indictment and Charges (P. 13)</u>

Coach Vavic objects to the government's proposed instruction and requests that the Court instead give Coach Vavic's Proposed Instruction, titled "Nature of the Indictment and Overview of the Charges" (and do so as a preliminary instruction rather than as a final instruction, as the government proposes), which accurately reflects the charges in the Indictment and is supported by the cited authority.

### 13. <u>Counts Two and Three – Conspiracy Generally (P. 15)</u>

Coach Vavic objects to this proposed instruction and requests that the Court instead give his proposed instructions preceding this proposed instruction, titled "Basic Elements: Conspiracy"; titled "Conspiracy – First Element: An Agreement"; titled "Conspiracy – First Element: The Conspiracies Alleged in the Indictment"; titled "Conspiracy – First Element: Multiple Conspiracies"; titled "Conspiracy – Second Element: Willfulness"; titled "Conspiracy – Second Element: Good Faith"; titled "Conspiracy – Second Element: Intent"; and titled "Conspiracy – Third Element: Overt Act."  Coach Vavic's proposed instructions are more appropriate for this case and supported by the cited authority.

**14. <u>Honest Services Mail Fraud and Honest Services Wire Fraud (P. 20)</u>**

Coach Vavic objects to this proposed instruction and requests that the Court instead give Coach Vavic's proposed instructions, titled "Honest Services Mail and Wire Fraud – First Element (Fiduciary Duty): University Employees"; titled "Honest Services Mail and Wire Fraud – Second Element (Intent)"; titled "Honest Services Fraud – Definition: 'Official Act'"; titled "Honest Services Mail and Wire Fraud – Third Element (Bribes and Kickbacks)"; titled "'Induce' and 'Illicit Quid Pro Quo'"; titled "'Corrupt Intent'"; titled "Not a 'Bribe or Kickback'"; titled "'Quid Pro Quo' Donations to Universities"; titled "University Department's Customs, Practices, and Policies"; titled "Honest Services Mail and Wire Fraud – Fourth Element (Intent to Deceive)"; titled "'Intent to Deceive' Falsified Athletic Profiles"; titled "'Intent to Deceive' by Omission"; titled "Honest Services Mail and Wire Fraud – Fifth Element (Foreseeable Harm); and titled "Honest Services Mail and Wire Fraud – Sixth Element (Use of Mail or Wires)." Coach Vavic's proposed instructions are more appropriate for this case, legally correct, and supported by the cited authority.  The government's proposed instruction is misleading, contrary to law, and not supported by cited authority—including based on the points discussed below.

*First*, Coach Vavic respectfully requests that the Court decline to give the government's jury instructions on the meaning of "bribe," insofar as they state that a bribe can consist of a payment to the entity purportedly defrauded of its employee's honest services, and instead give Vavic's requested instructions.  Although for the purpose of the sufficiency of the indictment the Court initially held that a "bribe" could be a payment to a university account under the honest services statute and 18 U.S.C. § 666, the Court revisited the issue during the Rule 11 proceedings

for Dr. Donna Heinel.[4]  Coach Vavic respectfully submits that at this stage of the proceedings it would be reversible error for the Court to instruct the jury that a "bribe" itself can be a payment to the victim, even where a fiduciary might realize some psychic or indirect benefit.

In *Skilling v. United States*, the Supreme Court held that "honest-services fraud does not encompass conduct more wide ranging than the paradigmatic cases of bribes and kickbacks," and that "§ 1346 criminalizes only the bribe-and-kickback core of the pre-McNally case law." 561 U.S. 358, 409-11 (2010) (emphasis added).  The Supreme Court explicitly held that undisclosed self-dealing is not honest services fraud.  *Id.* at 409-10.  The alleged payment here—which includes payments to the victim—is simply not a "paradigmatic" case of bribery as required by the Supreme Court.

Indeed, there is no precedent for treating as a "bribe" a payment to the institution that is the purported victim of the offense.  The victim cannot also be the beneficiary.  The government has been unable to identify a single example of a bribery case with this feature in the history of federal jurisprudence.  The lack of precedent is not surprising, because the evil of bribery occurs when an official or employee allows his private interests to control the exercise of his duties to his principal.  When payment is made to the agent's principal, that simply has not occurred, even if the agent also derives some indirect benefit.

Accordingly, Coach Vavic submits that an "illicit quid" cannot be a payment to the entity

---

[4] During that hearing, the Court repeatedly questioned the government about this premise.  *See* Heinel Plea Hr'g Tr. 48:11-15 (Nov. 5, 2021) ("[T]he point of a bribery or kickback is that the person is gaining something of – that they have an obligation to do things for their employer. They're doing something that doesn't benefit their employer.  That's the bribery and kickback"); *id.* at 49:6-9 ("[W]hat the Government charges, a personal gain simply being, well, this enhances her reputation or things, seems different than what the Supreme Court requires for a bribe or a kickback"); *id.* at 57:20-22 ("And I guess my issue is simply, finally, on whether the professional gain satisfies the statutory requirement of a bribe or kickback."); *see also id. at* 44:18-22; 45:6-23; 47:5-6, 19-25; 48:1-15; 49:25-50:1; 50:12-14, 21-23; 50:25-51:1; 52:21-23; 53:16-20; 54:3-8, 14-6; 57:20-58:3.

which is purportedly being defrauded.  To hold otherwise would create a brand new category of "bribe" that has never been recognized.  The Supreme Court has carefully applied the rule of lenity in the context of honest services cases, *Skilling*, 561 U.S. at 410-11, and has warned that the courts must reject the government's "invitation for federal courts to develop a common- law crime of unethical conduct," *Sorich v. United States*, 555 U.S. 1204 (2009) (Scalia, J., dissenting from denial of certiorari).  *Cf. United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015) (governor engaging in quid pro quo of trading senate seat appointment for cabinet position did not commit honest services fraud because the promise of a cabinet position was not an illicit quid).

The government's novel interpretation of federal bribery would significantly expand the law in contravention of the Supreme Court's admonition against accepting "a sweeping expansion of federal criminal jurisdiction in the absence of a clear statement by Congress." *Cleveland v. United States*, 531 U.S. 12, 24 (2000); *see also Kelly*, 140 S. Ct. at 1570.  Among other things, the government's premise offers no principled way to distinguish the purported "bribery" from the commonplace scenario where colleges favor children of large donors.  *See McDonnell*, 136 S. Ct. at 2375 (rejecting "boundless interpretation of the federal bribery statute" that would cover routine conduct); *McCormick v. United States*, 500 U.S. 257, 272 (1991) (refusing to "open to prosecution" conduct "that has long been thought to be well within the law").  In short, the Court in *Skilling* preserved the honest-services statute against constitutional challenge only by narrowing it to "paradigmatic" cases, 561 U.S. at 411, and there is no plausible argument that the  government's theory of bribery, as it relates to the university donations, is "paradigmatic."

*Second*, in response to the government's proposed instruction regarding "Element Three – Material Misrepresentation or Omission", Coach Vavic further requests that the Court give the

following instruction:

> The government has alleged that Coach Vavic did not disclose certain material information to the universities.  Note, however, that Coach Vavic was not under a legal duty to disclose information simply because it is material.  Rather, a person is obligated to disclose material information only if he is under a professional duty to do so or was under a specific contractual obligation to disclose it.  Absent an obligation to disclose material information, a person cannot be convicted of mail fraud or wire fraud for simply failing to disclose material information.

> In this case, a duty to disclose material information would arise only if Coach Vavic at issue made a material statement to the university at issue that was technically true but deliberately misleading (that is, a "half-truth").  It is not sufficient for a statement to be merely incomplete.  In that circumstance, Coach Vavic would be obligated to disclose material information to the university to correct that half-truth.  But aside from that scenario, Coach Vavic would be under no obligation to disclose material information to the university.

*Third*, Coach Vavic objects to the Court giving any willful blindness instruction in this case.  As the First Circuit has repeatedly recognized, a willful blindness instruction should not be given in all cases "because of the possibility that the jury will be led to employ a negligence standard and convict a defendant on the impermissible ground that he should have known an illegal act was taking place."  Such an instruction is appropriate only if, among other things, "'the evidence would support an inference that the defendant consciously engaged in a course of deliberate ignorance.'"  *United States v. Gabriele*, 63 F.3d 61, 66 n.6 (1st Cir. 1995).  "In determining whether the facts suggest the type of deliberate avoidance warranting a willful blindness instruction, '[courts] must consider whether the record evidence reveals "flags" of suspicion that, uninvestigated, suggest willful blindness.'"  *United States v. Azubike*, 564 F.3d 59, 66 (1st Cir. 2009).  "[W]hat is needed are sufficient warning signs that call out for investigation or evidence of deliberate avoidance of knowledge."  *Id*.  Absent such "separate and distinct evidence" of willful blindness, a willful blindness instruction is inappropriate.  *Id*. at 67.  Here, the evidence does not contain any "flags" or "warning signs."  Rather, the evidence "present[s] . . . the jury with only a binary choice between actual knowledge and innocence."

Accordingly, "a willful blindness instruction is inappropriate."

*Fourth*, Coach Vavic also objects to the government's proposed willful blindness instruction because it would inevitably confuse the jury on a key point: the intent required to join the conspiracies charged in Counts Two and Three. With respect to USC-related conduct, Coach Vavic has been charged only with the conspiracies charged in Counts Two and Three, and not with any substantive crimes. A willful blindness instruction cannot be used on the element of intent to agree, but rather on the element of knowledge of the object of the conspiracy. *United States v. Lizardo*, 445 F.3d 73, 85-86 (1st Cir. 2006). Yet the government's proposed willful blindness instruction – which is part of the government's proposed instructions for Count Two – is silent on this point. If the jury receives a willful blindness instruction while being instructed on the charged conspiracies, and the willful blindness instruction is silent on this point, the jury will erroneously conclude that willful blindness may be used to prove intent to join a conspiracy.

To the extent the Court decides to give a willful blindness instruction, and without waiving the argument that a willful blindness instruction is inappropriate here, under the law and the facts, Coach Vavic requests in the alternative that the Court give the following instruction:

> Proof of intent to join a conspiracy cannot be established by willful blindness, so this instruction is not relevant to Counts Two and Three. In order to convict on those counts, you must find that Coach Vavic specifically intended to join the conspiracy at issue. Accordingly, if you find that Coach Vavic was willfully blind with respect to joining the conspiracy at issue, or willfully blind with respect to the underlying crime at issue, you must acquit him of that conspiracy charge.

> In deciding whether Coach Vavic acted knowingly, other than for conspiracy, you may infer that Coach Vavic had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him. In order to infer knowledge in this way, you must find that two things have been established. First, that Coach Vavic was aware of a high probability of the fact in question. Second, that Coach Vavic consciously and deliberately avoided learning of that fact, rather than merely recklessly failing to learn that fact. That is to say, Coach Vavic willfully made himself blind to that fact. It is entirely up to you to determine whether he deliberately closed his eyes to the fact and, if so, what inference, if any, should be drawn.

You may not find that Coach Vavic was willfully blind to a fact if you find that he actually believed that the relevant fact did not exist.  Also, you may not find that Coach Vavic knew of a fact if you find only that he consciously disregarded a risk that the fact existed, or that he should have known that the fact existed, or that a reasonable person would have known of a high probability that the fact existed.  It is not enough that Coach Vavic may have been reckless or stupid or foolish, or may have acted out of inadvertence or accident.  Mere negligence, recklessness, or mistake in failing to learn the fact is not sufficient.  Rather, you must find that Coach Vavic actually, subjectively believed there was a high probability of the existence of the fact, consciously took deliberate actions to avoid learning about it, and did not actually believe that it did not exist.

Note that willful blindness has nothing to do with the requirement that a defendant act "willfully."  In other words, willful blindness cannot serve as a substitute for the requirement that the government prove beyond a reasonable doubt that Coach Vavic acted "willfully."  Rather, willful blindness is only related to the requirement that a defendant act "knowingly."

*Fifth*, Coach Vavic requests that the Court give his Proposed Instruction, titled "Honest Services Mail and Wire Fraud – Fifth Element (Foreseeable Harm)," which is more appropriate for this case and supported by the cited authority.

*Sixth*, Coach Vavic believes it is unnecessary to instruct the jury on the meaning of "anything of value," because such term is within the ordinary understanding of the jury. However, without waiving his argument as to the necessity of such an instruction, to the extent the Court is inclined to provide an instruction on the meaning of "anything of value," Coach Vavic submits that the Court should instruct the jury as follows:

The phrase "anything of value" means tangible property, intangible property, or services, of any dollar value, so long as it has financial value.

Note, however, that the phrase "anything of value" does not mean the same thing as the phrase "bribe or kickback."  These are different phrases with different meanings. The phrase "bribe or kickback" has the specific meaning discussed above.  A person may give something of  value to another person without there being a bribe or kickback or any violation of the honest services fraud statute.

**15. <u>Count Three – Conspiracy to Commit Federal Programs Bribery (P. 29)</u>**

Coach Vavic objects to this proposed instruction and requests that the Court instead give his proposed instructions, titled "Count Three: Conspiracy to Commit Federal Programs Bribery: Introduction"; titled "'Induce' and 'Illicit Quid Pro Quo,'"; titled "'Corrupt Intent'"; and titled "'Not a Bribe or Kickback'" which are more appropriate for this case, legally correct, and supported by the cited authority.

### 16. Federal Programs Bribery (P. 30)

Coach Vavic objects to this proposed instruction and requests that the Court instead give his Proposed Instructions titled "Count Three: Conspiracy to Commit Federal Programs Bribery: Introduction"; titled "'Induce' and 'Illicit Quid Pro Quo,'"; titled "'Corrupt Intent'"; and titled "'Not a Bribe or Kickback'" which are more appropriate for this case, legally correct, and supported by the cited authority.  The government's proposed instruction is misleading, contrary to law, and not supported by cited authority.

### 17. <u>Count Sixteen – Honest Services Wire Fraud (P. 34)</u>

Coach Vavic objects to this proposed instruction and requests that the Court instead give his proposed instruction, titled, "Count Sixteen: Honest Services Wire Fraud: Elements". Coach Vavic's proposed instruction is more appropriate for this case and supported by the cited authority.  As explained above, the government's proposed instruction is misleading, contrary to law, and not supported by cited authority.