# EXHIBIT A

**LARSON**

| **Larson LLP** | 555 South Flower Street, Suite 4400 | **P** 213.436.4888 |
| --- | --- | --- |
| larsonllp.com | Los Angeles, CA 90071 | **F** 213.623.2000 |

Koren L. Bell
Direct: 213.516.2468
kbell@larsonllp.com

February 27, 2022

**VIA EMAIL**
Leslie Wright
Stephen Frank
Ian Stearns
United States Attorney's Office
John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

Re:     *United States v. Vavic,* Case No. 1:19-cr-10081-IT

Dear Leslie, Steve, and Ian:

      Pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), Rules 5(f) and 16(a)(1) of the Federal Rules of Criminal Procedure, Local Rule 116.1 and 116.2, Mass R. Prof'l Conduct 3.8(d), and all other applicable rules and statutes, we write to request immediate production of all undisclosed records in whatever form (including, but not limited to, prosecution team rough notes, draft memoranda, and internal communications) relating to the matters addressed in the letter filed today at Docket 1090. This request includes, but is not limited to, all applicable DOJ and FBI rules, policies, practices, protocols, and/or procedures governing the duty to investigate potential misconduct by government agents, as well as any undisclosed information related to the government's notice of Rick Singer's potential criminal conduct, and its compliance with such rules, policies, practices, protocols, and/or procedures to investigate Mr. Singer's conduct.

      Further, to the extent the government did not previously investigate Mr. Singer's conduct outlined in the letter filed today at Docket 1090—including, specifically, his apparent involvement in money laundering and hiding millions of dollars in missing funds—we hereby specifically request that the government seek, obtain, and produce all evidence related to these matters pursuant to the prosecution team's affirmative obligation to do justice, prevent the conviction of innocent persons, and seek out readily available information that may adversely affect the credibility of witnesses and the integrity of tangible evidence. *See* ABA Standard 3-1.2(b) ("The primary duty of the prosecutor is to seek justice within the bounds of the law, not merely to convict."); ABA Standard 3-1.9(b) ("The prosecutor should act with diligence and promptness to investigate … consistent with the interests of justice and with due regard for fairness, accuracy, and rights of the defendant.")

Leslie Wright
February 27, 2022
Page 2

To the extent the government maintains that it has already produced any responsive records, we request that the government specifically identify such materials by bates number.

To the extent that the government will not investigate and/or produce information in response to the foregoing requests, please advise if this is because:

(1) no such evidence exists because (i) it was not preserved; (ii) it was destroyed; or (iii) the government has conclusively determined it never existed; or

(2) the government declines to comply with the request.

If the latter, please also state the basis for your position so that we can avoid unnecessary litigation.

In particular, if the government identifies any responsive information which it believes it is not required to disclose—for example internal communications or other documents the government believes to be work-product—we request that you promptly notify the Court and the defense that the government is withholding information; provide a description of the type of information being withheld; and provide the basis on which the government believes it can withhold the information so that the Court can consider whether to review the information *in camera* and/or order disclosure.

Finally, we reiterate that this is a request which applies to records in the custody and control of the prosecution team, including all members of the team (i.e. federal, state, and local law-enforcement officers and other government officials, and any agencies, organizations, or consultants who have participated in the investigation and/or prosecution of the offenses with which our client is charged). The prosecution team also includes any government agencies or experts consulted, including regarding the meaning of any statute, regulation, rules, policies, practices, protocols, and/or procedures. As you are aware, the government has an obligation to make all such individuals and agencies aware of its *Brady* obligations and to seek from these sources all information subject to disclosure.

As we are on the eve of trial, your prompt attention to this matter is appreciated.

Sincerely,

*[signature]*

Stephen G. Larson
Koren L. Bell



**Larson LLP**
larsonllp.com



**U.S. Department of Justice**

***Rachael S. Rollins***
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 28, 2022

Stephen G. Larson, Esq.
Koren L. Bell, Esq.
Larson LLP
555 South Flower Street, Suite 4400
Los Angeles, CA 90071

   Re: *United States v. Vavic*
     Criminal No. 19-10081-IT

Dear Mr. Larson and Ms. Bell:

  We write in response to your letter of February 27, 2022, requesting discovery in connection with allegations made by counsel for John Wilson in a letter to the Court of the same date.

  To the extent you seek information concerning the government's investigation of Mr. Singer's finances, the government has previously produced extensive documentation of Mr. Singer's assets, including interview reports, financial records from banks and other third parties, and materials provided by Mr. Singer himself, including both draft and final financial disclosures that Mr. Singer executed. We have also asked Mr. Singer directly whether he concealed, transferred or liquidated any assets that he owned, controlled, or held in his name or another's name, since he became a government cooperator in September of 2018. He denied doing so. He also denied having any interest in any other property that had not been disclosed to the government. The government has no information to contradict these contentions.[1]

  In his letter, Mr. Kendall contends that he has "received information about six overseas bank accounts" that he contends were at one time "likely" associated with Mr. Singer and/or his brother. As noted in the government's letter to the Court of today's date, the government has no information suggesting that any of the information in Mr. Kendall's letter concerning Mr. Singer's

---

[1] You request that the government "specifically identify . . . by bates number" materials responsive to your request that we have already produced. This request, made on the eve of trial, is unreasonable. It is not the government's obligation to review its discovery for the defense, particularly after nearly three years of litigation.

finances is true. To the extent you seek additional information about the allegations in Mr. Kendall's letter, we suggest that you address your request to Mr. Kendall.

Finally, you request that the government produce "all applicable DOJ and FBI rules, policies, practices, protocols, and procedures governing the duty to investigate potential misconduct by government agents." We are unaware of any rule or precedent requiring the production of such materials. If there is some specific precedent you believe requires their production, please let us know.

        Sincerely,

        RACHAEL S. ROLLINS
        United States Attorney

By:   */s/ Leslie A. Wright*
       Leslie A. Wright
       Stephen E. Frank
       Ian J. Stearns
       Assistant United States Attorneys