UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 19-cr-10081-IT |
| JOVAN VAVIC, | |
| Defendant | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
OR FOR DISCOVERY AND AN EVIDENTIARY HEARING (DKT. 1095)**

The government respectfully opposes defendant Jovan Vavic's eve-of-trial motion to dismiss, or for discovery and an evidentiary hearing, based on a purported *Brady* violation. *See* Dkts. 1095, 1096. The government has not withheld exculpatory evidence in this case. Indeed, with the exception of unsupported references to alleged foreign bank accounts set forth in a letter to the Court by an attorney for a defendant convicted in another case, the evidence cited in the defendant's brief *was produced by the government*, most of it some three years ago. And nothing the defendant cites has any bearing on his guilt or the admissibility of any evidence.[1] For those reasons and the reasons set forth below, the defendant's motion should be denied.

**LEGAL STANDARD**

Under *Brady v. Maryland*, 373 U.S. 83 (1963), the government has an "'affirmative duty to disclose evidence favorable to a defendant,' be it exculpatory or impeachment evidence." *United States v. Flores-Rivera*, 787 F.3d 1, 17 (1st Cir. 2015) (citation omitted). This obligation requires the prosecution to "learn of any favorable evidence known to the others acting on the

---

[1] The allegations in the letter are also not covered by *Giglio v. United States*, 405 U.S. 150 (1972), both because the government has no information suggesting that any of the information in the letter concerning William "Rick" Singer's finances is accurate, and because the government has advised the defense that it does not presently intend to call Singer as a witness.

government's behalf in the case." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). *Brady* and its progeny do not, however, create a general right to criminal discovery. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one."). Nor does *Brady* impose a duty on the government to seek out exculpatory information not in its possession. *United States v. Bender*, 304 F.3d 161, 163–64 (1st Cir. 2002) ("Neither the relevant Supreme Court precedent under *Brady* nor our decision in *Osorio* requires a prosecutor to seek out and disclose exculpatory or impeaching material not in the government's possession."); *United States v. Talavera*, 668 F.2d 625, 631–32 (1st Cir. 1982) (government under no duty to investigate informant's alleged alibi, despite that alibi would have served as further impeachment information of informant's credibility).

A *Brady* violation arises only if evidence "favorable to the accused, either because it is exculpatory, or because it is impeaching," has been suppressed by the government either willfully or inadvertently, and the defendant has been prejudiced. *Flores-Rivera v. United States*, 16 F. 4th 963, 968 (1st Cir. 2021) (citing *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)). "'Suppressed impeachment evidence is immaterial under *Brady*, however, if the evidence is cumulative or impeaches a collateral issue.'" *United States v. Aviles-Colon*, 536 F.3d 1, 19 (1st Cir. 2008) (quoting *Strickler*, 527 U.S. at 290).

Dismissal of an indictment based on government misconduct applies in "'rare and extreme circumstances.'" Dkt. 1062 at 6 (quoting *United States v. Guzman*, 282 F.3d 56, 59 (1st Cir. 2002)). "This power may be exercised only 'when the government's misconduct is so appalling and egregious as to violate due process by 'shocking the . . . universal sense of justice.'" *Id.* at 6–7 (quoting *United States v. Luisi*, 482 F.3d 43, 59 (1st Cir. 2007)). "And because dismissal of an indictment is such an extreme remedy, a defendant seeking a dismissal on either constitutional or

ethical grounds must prove actual prejudice." *Id.* at 7 (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988); *United States v. Morrison*, 449 U.S. 361, 365–66 (1981)).  As this Court previously stated, "this relief is so exceptional that the court is unaware of any instances in which it has been granted in this circuit." *Id.* (citing *United States v. Anzalone*, 923 F.3d 1, 6 (1st Cir. 2019)).

## ARGUMENT

### A.    The Government Has Not Withheld Exculpatory Evidence

The defendant's *Brady* claim fails because the government has not withheld any exculpatory evidence.  The defendant contends that it is "now apparent" – based on a letter submitted to the Court by Attorney Michael Kendall – that the government knew that "Singer claimed to have laundered money with his brother."  Dkt. 1096 at 6.  That is untrue.  Neither Attorney Kendall's letter, nor the defendant's brief, provide any support for this assertion beyond information *the government produced* in May 2019, nearly three years ago.  *Id.* at 6–7 and Exs. D–H.  Similarly, the defendant asserts that the government should have disclosed that Singer and his brother paid cash to contractors, a possible tax violation – but then cites as support for that proposition disclosures the government itself made.  *Id.* at 7 and Exs. D–I.[2]

From this information, Vavic jumps to the unsupported conclusion that the government was "on notice that Singer moved millions of dollars out of a U.S. bank account used for his side-door activities."  *Id.* at 8.  That is false.  Indeed, Attorney Kendall's allegations about foreign accounts that he contends are "likely associated" with Singer and/or his brother are not only vague

---

[2] Notably, the defense motion fails to note that Singer *pled guilty* to both money laundering and tax fraud, in addition to a racketeering conspiracy that included money laundering as a predicate offense.  *See United States v. Singer*, No. 19-cr-10078-RWZ, at Dkt. 1 (Information Counts 2 & 3).

and unsupported, but Attorney Kendall himself concedes that he does not know whether any of his allegations are true.  *See* Dkt. 1090 ("I am not able to confirm this information with banks or any law enforcement database.").

Moreover, in asserting that the government has withheld evidence of alleged overseas accounts, the defendant omits to note that (1) the government produced extensive records of Singer's personal and business bank accounts, and (2) Attorney Kendall cross-examined the government's forensic accountant witness about those records at trial. *See United States v. Abdelaziz*, No. 19-cr-10080-NMG, Trial Tr. (9/29/21) at 79:14–80:1 (questioning about Singer investments in a soccer team in Europe, a food business in Canada, and a school in China) (attached hereto as Ex. A).  And as the defendant concedes, when defense counsel inquired about Mr. Singer's finances in August 2021, the government asked Mr. Singer whether he had concealed, transferred, or liquidated any assets that he owned, controlled, or held in his name or another's name, since he became a government cooperator and promptly produced the report of that interview to the defense.  Dkt. 1096 at 7.

Thus, the defendant has not, and cannot, establish that the government possesses exculpatory information it has not produced.  Nor is the government under a duty to investigate Attorney Kendall's unsupported allegations (if it even could, given the lack of any substance). *Bender*, 304 F.3d at 163–64.  The government has complied with its disclosure obligations, and that fact does not change because an interested attorney in a related case filed a letter filled with conjecture but devoid of facts.

### B.    <u>The Defendant Has Suffered No Prejudice</u>

In the absence of a failure to disclose, there can be no prejudice.  Indeed, even if the defendant's allegations were true – and they are *not* – there would be no *Brady* violation because

the alleged evidence about Singer's finances is cumulative of information Vavic has had from the outset of this case. *Aviles-Colon*, 536 F.3d at 19. And, in any event, the defendant's allegations concern collateral matters. Singer's alleged movement of money overseas has no bearing on the defendant's guilt, nor does it affect the admissibility of any evidence in this case.[3]

The defendant's contention that the government "failed to make a suitable inquiry into [Singer's] apparent criminal conduct with [his brother]" is equally unavailing. Dkt. 1096 at 16. That is not a *Brady* violation. The government disclosed the information available to it, and Vavic has known about it for nearly three years. *See United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991) ("When a defendant has the opportunity to present impeaching evidence to the jury . . . there is no prejudice in the preparation of his defense.").

### C.      The Defendant Has Not Met His Burden to Hold an Evidentiary Hearing

Apparently conceding that speculative allegations of non-disclosure, without actual evidence of a *Brady* violation, does not justify dismissal of an indictment, the defendant asks the Court to hold an evidentiary hearing and to order discovery. But there is no basis for such relief. There is nothing to discover, and the defendant simply seeks a fishing expedition to delay the proceedings or distract the government on the eve of trial. *See United States v. Colon-Munoz*, 318 F.3d 348, 358–59 & 360 n.6 (1st Cir. 2003) (defendant must make *prima facie* showing of a *Brady* violation and more than a "mere 'colorable claim'" before court will consider an evidentiary hearing); *United States v. Rodriguez*, 162 F.3d 135, 148 (1st Cir. 1998) (finding that district court

---

[3] Nor can Vavic use the alleged facts about Singer's brother to impeach Singer's statements on consensual calls because, as a cooperating witness, Singer's credibility on the calls is irrelevant and his statements are mere context. Rather, it is *Vavic's own statements* on the calls (and those of other active conspirators) that are relevant – which is precisely why Vavic is so desperate to suppress them. Nor are the purported facts appropriate impeachment material under Fed. R. Evid. 806. *See United States v. Rodriguez-Berrios*, 573 F.3d 55, 69 (1st Cir. 2009).

"acted well within its discretion" in denying evidentiary hearing under *Brady* and noting: "As this Court has stated in the past, a criminal defendant has no constitutional right to conduct a fishing expedition. . . . Conclusory allegations and pure speculation, without more, do not merit an evidentiary hearing.").

## **CONCLUSION**

For the foregoing reasons, the defendant's motion should be denied.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:    /s/ *Ian J. Stearns*
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

/s/ *Ian J. Stearns*
Assistant United States Attorney
