UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br>v.             )<br> )<br>JOVAN VAVIC,        )<br> )<br>Defendant       ) | Criminal No.: 19-10081-IT |

**GOVERNMENT'S MOTION FOR WITNESS SEQUESTRATION**

The government respectfully moves for an order sequestering witnesses pursuant to Fed. R. Evid. 615, with the exception of one case agent who is not on the government's witness list.

The defendant has identified his spouse and children as prospective defense witnesses in this case. *See* Dkt. 1084. As such, they should be sequestered. *See, e.g.*, *United States v. Cranney*, 14-cr-10276-IT, Dkt. 423; *see also* Hon. Jack B. Weinstein, *Weinstein's Federal Evidence* § 615.02[2][a] ("The customary practice is to exercise discretion to exclude prospective witnesses during openings and any arguments or offers of proof when a witness's testimony may be summarized."). While the government does not object to a limited exception to sequestration to allow the defendant's family to attend opening statements – provided that counsel does not use their presence as the basis of an improper appeal to juror sympathies – it does object to the defendant's spouse sitting at counsel table or otherwise in front of the bar during openings or trial.

Consistent with this position, the government agrees that Special Agent Elizabeth Keating, who is one of the case agents and will testify in the government's case-in-chief, will be sequestered prior to her testimony other than during opening statements. The government seeks permission

for one case agent, Special Agent Laura Smith, who is not on its witness list,[1] to attend the proceedings, sit in the gallery, and ensure an orderly flow of witnesses into the courtroom for the benefit of the jury and the Court. *See* Fed. R. Evid. 615(b). *See, e.g.*, *United States v. Chan*, 16-cr-10268-IT, Dkt. 217; *see also United States v. Charles*, 456 F.3d 249, 257–58 (1st Cir. 2006); *United States v. Machor*, 879 F.2d 945, 953 & n.2 (1st Cir. 1989) (noting "[t]he majority view . . . that Fed. R. Evid. 615(2) has severely curtailed the discretion of the trial court to sequester the government's case agent," but that "[w]e are not holding . . . that the rule withdraws all discretion from the trial court to exclude a case agent in an exceptional case"); *United States v. Lussier*, 929 F.2d 25, 30 (1st Cir. 1991) (affirming order sequestering all witnesses except case agent and summary IRS witness).

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court enter an order sequestering potential witnesses during the testimony portion of this case, with the exception of one government case agent.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By: */s/ Ian J. Stearns*
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Assistant United States Attorneys

---

[1] The defense has listed all of the case agents, including Special Agent Smith, on the defendant's witness list. The defendants in *United States v. Abdelaziz* did likewise, but the Court permitted Special Agent Smith to attend the proceedings.

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that counsel for the government conferred with counsel for the defendant, and the parties were unable to reach agreement regarding the relief requested in this motion.

*/s/ Ian J. Stearns*
IAN J. STEARNS
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Ian J. Stearns*
IAN J. STEARNS
Assistant United States Attorney