UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOVAN VAVIC,<br><br>    Defendant. | CRIMINAL NO.: 19-CR-10081-IT |

### DEFENDANT'S MOTION FOR CONTINUING OBJECTION

Pursuant to the Court's ruling on the Motion in Limine to Exclude Evidence Subject to a Proffer of the Alleged "Conspiracy" Under *Petrozziello*, *see* Dkt. 855, Coach Vavic respectfully requests that the Court treat certain objections as described below as continuing in nature. Coach Vavic expects that certain evidentiary disputes which have come before the Court *in limine* and during the course of argument on pre-trial motions will arise during trial with respect to witnesses' testimony. Rather than objecting each time such an issue arises, Coach Vavic wishes to streamline the process by objecting when the issue first arises, and to then request a continuing objection. A continuing objection will obviate the need to make the same objection repeatedly and greatly facilitate a smooth, uninterrupted presentation of evidence.

Across the board, the admissibility of each category of the following evidence hinges as a threshold matter on the government's proof of the single overarching conspiracies charged in Count II, and separately, in Count III—and, specifically, the premise that these statements are non-testimonial co-conspirator statements, the relevance of which outweighs their prejudicial impact. Further, while the admissibility of this evidence hinges as a threshold matter on the government's proof of the single overarching conspiracies, *see* Motion in Limine to Exclude

Evidence Subject to a Proffer of the Alleged "Conspiracy" Under *Petrozziello*, *see* Dkt. 855, it may nonetheless be inadmissible under FRE 401-403, as this Court has underscored. *See*, *e.g.*, Dkt. 1149 at 2.

Accordingly, Coach Vavic requests a continuing objection—on grounds of hearsay, relevance, undue prejudice, and, as applicable to Singer's statements, Confrontation Clause grounds—with respect to the following:

- The introduction of any out-of-court statements (including written and oral statements) of Singer's clients who are not alleged to be co-conspirators in the conspiracies charged at Counts II and III, on grounds of hearsay (if for the truth of the matter), relevance, and undue prejudice;

- The introduction of any out-of-court statements (including written and oral statements) of any alleged Singer co-conspirators on grounds of hearsay (if for the truth of the matter), relevance, and undue prejudice because the government is unable to meet its burden to show the single conspiracies charged in Count II and Count III;

- The introduction of Singer's wiretaps without the testimony of Singer after Singer became a cooperator on September 21, 2018 and thereafter could not be a co-conspirator with anyone because the introduction of such evidence, if for the truth of the matter, violates the Confrontation Clause.

Because Coach Vavic anticipates that these issues may arise frequently during the government's presentation of evidence, a continuing objection is necessary to maintain an efficient and streamlined presentation. For the reasons explained above, Coach Vavic respectfully requests that the Court grant him a continuing objection with respect to all issues identified.

Dated: March 9, 2022                                        Respectfully submitted,

*/s/ Stephen G. Larson*
Stephen G. Larson, (Admitted *pro hac vice*)
slarson@larsonllp.com
Koren L. Bell, (Admitted *pro hac vice*)
kbell@larsonllp.com
Paul A. Rigali, (Admitted *pro hac vice*)
prigali@larsonllp.com
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
(213) 436-4888

Irwin B. Schwartz (BBO# 548763)
ischwartz@blaschwartz.com
Nicholas R. Cassie (BBO# 672698)
ncassie@blaschwartz.com
BLA Schwartz, PC
One University Ave., Suite 302B
Westwood, Massachusetts 02090
Phone: 781-636-5000 - Fax: 781-636-5090

*Attorneys for Defendant JOVAN VAVIC*

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Stephen G. Larson*
Stephen G. Larson

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), I hereby certify that we have reached out to government counsel to inquire as to their position on the relief requested herein, and as of the time of this filing, have not received a response.

*/s/ Stephen G. Larson*
Stephen G. Larson