UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>JOVAN VAVIC,<br><br>               Defendant. | CRIMINAL NO.: 19-CR-10081-IT |

**DEFENDANT'S RESPONSE REGARDING WITNESS KATIE FULLER'S NOTICE OF INTENT TO ASSERT FIFTH AMENDMENT RIGHTS**

As set forth below, internal USC email correspondence reflects that Katie Fuller, an Assistant Director of Admissions and Eligibility for USC's Athletics Department, communicated about admissions practices within the Athletics Department, the role that donations played in the admissions process, and the circumstances related to Coach Vavic's advocacy on behalf of recruited "walk-ons" before the Athletics Department, including those who were being recruited, in part, due to their families' abilities to make financial contributions. While these email communications are independently admissible non-hearsay records, or records that meet a hearsay exception, *see* Opposition to the Motion in Limine to Preclude Irrelevant Evidence, Dkt. 924 at 11-13 (discussing the admissibility of these records), at this initial stage of the proceedings—and until and unless it is determined whether the emails in question are admitted as non-hearsay records or pursuant to a hearsay exception—Ms. Fuller's percipient testimony remains highly relevant and material.

Ms. Fuller's materiality to Coach Vavic's defense is reflected in the following documents:

(1)     On September 3, 2015, Ms. Fuller emailed Dr. Donna Heinel, the Senior Associate Athletics Director, a spreadsheet entitled "Cumulative Special Interest" list from 2012-2015 that appears to contain a list of student athletes who had received special consideration because of their ability to make financial contributions; notes about their status ("SubCo," "VIP," "Watch," etc.); recommendations and endorsements by senior Athletics Department officials, including Dr. Heinel and Athletics Director Pat Haden; and information regarding potential donations.

(2)     On May 11, 2015, Ms. Fuller emailed Dr. Heinel a spreadsheet entitled "Transfer List" from 2015 that contained a list of transfer and potential transfer student athletes who received special consideration because of their ability to make financial contributions; notes about their status ("SubCo," "VIP," "Watch," etc.); references to senior Athletics Department officials; and information regarding potential donations.

(3)     On February 13, 2018, Ms. Fuller emailed Coach Vavic directing him to rank and provide detailed information about students being presented to SubCo, in response to which Coach Vavic supplied information about the various applicants as requested, candidly disclosing factors that influenced his recommendation (e.g., "needs work, but we need goalies, wealthy family, parents would be great supporters of our program, will not play immediately, needs at least 2 years. . .").

Contradicting the government's proffer of anticipated evidence from upcoming witnesses—and as reflected in the documents referenced above—Coach Vavic believes that Ms. Fuller's testimony may be necessary to provide important evidence related to two of the critical issues in this case: First, that the Athletics Department considered, and encouraged its coaches to consider, donation capacity in promoting student athlete admissions; and second, that Coach

Vavic was candid in communicating with the Athletics Department regarding athletic recruits, including their potential contributions and the manner in which potential donations factored in his recruiting and recommendations.

In response to Ms. Fuller's notice that she intends to invoke the Fifth Amendment privilege, Coach Vavic requested the government to grant Ms. Fuller immunity, which it has declined to do.  When a witness asserts the Fifth Amendment, the Court must conduct a "particularized inquiry" and make "particularized findings" about the applicability of the privilege.  *United States v. Castro*, 129 F.3d 226, 229 (1st Cir. 1997) (quotations omitted); *see also United States v. Ramos*, 763 F.3d 45, 55 (1st Cir. 2014) ("Thus it is crucial for a district court to inform its discretion through appropriate inquiries, particularly when the defendant's right to put on a defense is in tension with the Fifth Amendment privilege.").  If the Court determines that a defense witness's claim of privilege under the Fifth Amendment is valid, then the Court has the power to require that the government grant immunity for the witness.  *See United States v. Angiulo*, 897 F.2d 1169, 1190-92 (1st Cir. 1990).

Coach Vavic respectfully requests the Court to assess the applicability of Ms. Fuller's assertion of Fifth Amendment privilege and, if it finds that all or part of the testimony identified above qualifies for Fifth Amendment protection, require the government to grant immunity to Ms. Fuller.  A failure to do so may deprive the jury from hearing a critical dimension of Coach Vavic's defense from an official within the Athletics Department; namely, that the Athletics Department not only approved but encouraged applicants to go "through athletics" during the admissions process if an identified candidate's family had the capacity to make a substantial donation to the Athletics Department or to a USC intercollegiate athletic program.

Dated: March 16, 2022                             Respectfully submitted,

*/s/ Stephen G. Larson*
Stephen G. Larson, (Admitted *pro hac vice*)
slarson@larsonllp.com
Koren L. Bell, (Admitted *pro hac vice*)
kbell@larsonllp.com
Paul A. Rigali, (Admitted *pro hac vice*)
prigali@larsonllp.com
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
(213) 436-4888

Irwin B. Schwartz (BBO# 548763)
ischwartz@blaschwartz.com
Nicholas R. Cassie (BBO# 672698)
ncassie@blaschwartz.com
BLA Schwartz, PC
One University Ave., Suite 302B
Westwood, Massachusetts 02090
Phone: 781-636-5000 - Fax: 781-636-5090

*Attorneys for Defendant JOVAN VAVIC*

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                        */s/ Stephen G. Larson*
                                        Stephen G. Larson