UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOVAN VAVIC<br><br>Defendant | No. 21-cr-10081-IT |

## GOVERNMENT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY WILLIAMS & RIBB LLP CPAS

The government respectfully moves to compel Williams & Ribb LLP CPAs ("Williams & Ribb") to comply with a trial subpoena by producing working papers used by CPA John Williams and his firm to prepare the defendant's taxes.

The documents sought are pertinent to anticipated testimony by Mr. Williams in the defendant's case-in-chief. They are relevant because they relate to the tax treatment of tuition payments for the benefit of the defendant's children. They are admissible as business records under Federal Rules of Criminal Procedure 803(6) and 902(11). Accordingly, the documents should be produced pursuant to the subpoena served on Williams by the government, and the government asks this Court to order Williams to produce the required documents forthwith to allow the government to be prepared for the anticipated testimony.

## BACKGROUND

On February 18, 2022, the government served a subpoena issued under Federal Rule of Criminal Procedure 17(c) on Williams. The subpoena, attached as Exhibit A, required production of "all tax returns, and associated workpapers" for Jovan and Lisa Vavic and for Jovan Vavic Water Polo Camp, Inc. for the years 2007 to 2019.

On March 5, 2022, Williams produced responsive tax returns, but did not produce the associated working papers.

On March 7, 2022, by email, the undersigned counsel requestedg production of the working papers.

On March 8, 2022, by email, the undersigned counsel again requested production, noting that March 8, 2022 was the return date for the subpoena.

That same day, by email, Williams's counsel responded that Williams in fact collects working papers from clients like the Vavics that Williams then uses to prepare taxes. Counsel stated that Williams would produce the documents. *See* Email, March 8, 2022, attached as Exhibit B.

To date, Williams has not complied with the subpoena, despite repeated requests.

## LEGAL STANDARD

Rule 17(c) governs subpoenas for documents for use at trial, which should be enforced if the proponent establishes relevancy, admissibility, and specificity. *Stern v. United States Dist. Court*, 214 F.3d 4, 17 (1st Cir. 2000) (citing *United States v. Nixon*, 418 U.S. 683, 700 (1974)).

As to relevancy, there must be a 'sufficient likelihood' that the subpoenaed records are "relevant to the offenses charged in the indictment," and as to admissibility, there must be a "sufficient preliminary showing" that the records would be admissible. *United States v. Castro-Ward*, 385 F. Supp. 3d 156, 159 (D.P.R. 2018) (citing *Nixon*, 418 U.S. at 699-700)). The party seeking the subpoenaed documents shoulders the burden of "show[ing] the evidentiary nature of the requested material with appropriate specificity." *Id.* (quoting *United States v. Shinderman*, 232 F.R.D. 147, 149 (D. Me. 2005)). A trial subpoena for impeachment information is proper "where a putative key witness, whose general testimony is already known, [and] is scheduled to

testify." *United States v. La Rouche Campaign*, 841 F.2d 1176, 1180 (1st Cir. 1988) (citation omitted).

## ARGUMENT

The Court should compel production of the working papers called for by the government's February 18, 2022 trial subpoena. The records sought are business records because Williams, through its representative, has confirmed that Williams keeps and uses such records in preparing taxes. It is essential for the government to have complete records concerning the preparation of the defendant's taxes in the relevant years in order to effectively cross-examine Mr. Williams (and potentially, the defendant's spouse, Lisa Vavic) when they testify about the defendant's treatment of the tuition payments. This is particularly true because the defendant intends to introduce evidence of communications between Lisa Vavic and Mr. Williams regarding the tuition payments. *See* Ex. 1352. Compliance with the subpoena is also particularly warranted where the defendant has not produced a single page of Jencks material for any of the 30-plus witnesses on his exhibit list, despite making specific representations during opening statements as to what they would say when called to testify. Accordingly, the subpoena seeks only relevant, admissible evidence specific to a definite issue in the case in the anticipated testimony of a witness on the defendant's witness list.

**CONCLUSION**

The Court should grant the government's motion and compel production of the required records.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:   /s/ *Stephen E. Frank*
      LESLIE A. WRIGHT
      STEPHEN E. FRANK
      IAN J. STEARNS
      Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and emailed to counsel for Williams & Ribb LLP CPAs.

   /s *Stephen E. Frank*
  Stephen E. Frank
  Assistant United States Attorney

Date: March 21, 2022