UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-cr-10081-IT |
| | ) | |
| JOVAN VAVIC, | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR
RETURN OF PASSPORT AND PRE-APPROVAL OF INTERNATIONAL TRAVEL**

The government respectfully submits this opposition to defendant Jovan Vavic's motion to modify the conditions of his release to allow for (1) the return of his passport, and (2) international travel without Court approval or Probation supervision. Dkt. 1474. The defendant's motion should be denied for three reasons.

First, there has been no change in circumstance that warrants the relief the defendant seeks. During the pendency of this case, the Court has required the defendant to, among other things, provide an itinerary to Probation before traveling internationally, check-in with Probation upon departure and arrival, and return his passport to Probation promptly upon his return to the United States. *See, e.g.*, Dkt. 771. Nothing has changed since the Court imposed these conditions, save that the defendant was convicted by a jury on all counts following a lengthy trial; the Court ordered a new trial; and the government has appealed that order.

Second, the conditions the Court imposed on the defendant are routine and consistent with the conditions imposed on other Varsity Blues defendants. There is no reason to treat this defendant differently. As part of the pre-trial conditions for each defendant in this case—from cooperating witnesses to defendants who elected to go to trial—the Court ordered the defendants to surrender their passports and prohibited them from traveling internationally absent advance approval of the

Court.[1]  Then, when defendants wished to travel internationally, they were required to seek Court approval by providing specific destinations, dates of departure and return, and reasons for the travel, and they were ordered to promptly return their passports to Probation upon their return. *See, e.g.*, Dkt. 1025; *see also, e.g.*, *United States v. Colburn*, 19-cr-10080, Dkts. 289 (Court order: "Requests for international business travel should be made by motion and the Court is disinclined to allow personal international travel."); 332; 363; 490; 553; 584; 649; 710; 1550; 1823; 2138, 2143, 2618, 2623, 2668 (motions for international travel filed by various defendants). Indeed, even defendants sentenced to time-served were required to obtain Court approval for *domestic* travel. *See* Dkt. 1370. And when defendants in this case have traveled internationally without seeking advance Court approval, they faced consequences. *See* Dkts. 468 (show-cause hearing for defendant Salcedo); 1449 (show-cause hearing for defendant Heinel).

Third, the defendant's motion provides no compelling reason why the Court should now withdraw the conditions it imposed on him and on every other college admissions defendant. He argues that potential international employment positions "move quickly," and speculates that he may need to travel on "short notice." Dkt. 1474 at 2. But this conclusory assertion finds no support in the history of this case, and the burden of requiring the defendant to file a brief motion seeking Court authorization to travel is hardly onerous. In any event, when the defendant has most recently moved for permission to travel, his motions were granted within one business day. *See* Dkts. 715; 716; 770; 771. The defendant further contends that reviewing and ruling on his motions is "an unnecessary use of scarce judicial resources." Dkt. 1474 at 3. The government

---

[1] *Compare* Dkt. 107 at 2 (pre-trial conditions of defendant Vavic), *with, e.g.*, Dkts. 95; 96; 97; 98; 99; 100; 102; 103; 104; 105; 106 (pre-trial conditions of defendants Ernst, Heinel, Janke, Khosroshahin, Masera, Sanford, Fox, Dvorskiy, Williams, Ferguson, and Salcedo).

disagrees, and respectfully submits that this is not, in any event, a valid reason to allow a defendant, convicted once at trial, blanket approval to travel internationally without supervision.[2]

## CONCLUSION

Having been convicted at trial, the defendant now seeks the return of his passport so that he can travel internationally—without Court approval or Probation supervision—wherever he wants, whenever he wants, for any duration, and for whatever reason. The motion should be denied. The government will continue to timely and reasonably respond to the defendant's requests to travel internationally, as it has for every defendant in this case. But the defendant's motion presents no reason—and there is none—that warrants modifying the conditions of his release.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By: /s/ Ian J. Stearns
LESLIE A. WRIGHT
IAN J. STEARNS
STEPHEN E. FRANK
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

By: /s/ Ian J. Stearns
IAN J. STEARNS
Assistant United States Attorney

Date: April 25, 2023

---

[2] The defendant's motion is also devoid of any detail about where he seeks to go, when he seeks to leave and return, and for what purposes, other than noting generically that he seeks to depart "for Europe" in "June 2023" to work at water polo camps and to see family in Montenegro. Dkt. 1474 at 2.

3